(90 South. 506)

No. 23521.

McCAIN et al. v. HICKS et al.

(Nov. 28, 1921.　Rehearing Denied Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Vendor and purchaser ⊕3(4)—Sales; contract held a "promise to sell" and not a contract of sale.**

Contract providing that vendors "have this day received from" purchasers specified amount, the "same being a part of the purchase price" on described land, on which purchasers "agree to pay" specified additional sums on specified dates, and that "it is further understood that in case" purchasers "fail to take the title" the amount described as being received by vendors "is to be forfeited unless the title is defective," did not effect a sale of the land, but was merely a promise to sell with the giving of earnest money, within Civ. Code, art. 2463, giving a purchaser the right to recede by forfeiture of earnest money, and vendor the right to recede by returning to purchaser double the amount of the earnest money; the failure of the agreement to designate the amount received by vendors as "earnest money" being immaterial.

2. **Vendor and purchaser ⊕18(3) — Sales; promise to sell becomes a contract of sale precluding withdrawal, on payment of part of purchase price.**

A promise to sell, within Civ. Code, art. 2463, providing that, where a promise to sell has been made with the giving of earnest money, the purchaser may recede by forfeiting the earnest money and vendor by returning double the amount thereof, merges into a contract of sale precluding parties from withdrawing therefrom, on the payment of a part of the purchase price.

3. **Vendor and purchaser ⊕335—Sales; on abandonment of contract purchase price not recoverable.**

Purchasers, on abandonment of contract after payment of part of purchase price, could not recover amount paid.

Dawkins, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by E. L. McCain and others against S. B. Hicks and others. From judgment rendered, defendants appeal. Judgment reversed, and suit dismissed.

Thigpen, Herold & Lee, of Shreveport, for appellants.

A. D. Keeney, of Shreveport, M. D. Dimitry, of New Orleans, and Wise, Randolph, Rendall & Freyer, of Shreveport, for appellees.

LAND, J.　On September 16, 1918, the plaintiffs and defendants entered into the following agreement:

"We have this day received from Messrs. Ernest L. McCain and B. E. Jones $1,000, same being a part of the purchase price on Trilby plantation, on which they agree to pay an additional sum of $4,000, on Thursday 19th of September, 1918, an additional $10,000 to be paid November 1, 1918, and $10,000 January 1, 1919; the purchase price being $85,000, the balance in vendor's lien notes *as per agreement*. It is further understood that in case. Messrs. McCain and Jones *fail to take title*, the above $1,000 is to be forfeited, *unless the title is defective*." (Italics ours.)

[1] This agreement is not a sale. It was not intended, in itself, to transfer the property. It remained in the defendants, who continued to have the real right in the property.

The following contract has been held by this court not to be a sale:

"This is to certify that I have this day sold my house at No. 1904–6 St. Louis street, between Roman and Prieur, to Thomas Capo for the sum of $2,300, 10 per cent., $230, paid, balance when act of sale is passed; 1905 taxes to be paid by vendor, also 2 per cent. to agent."

In the case of Capo v. Bugdahl, 117 La. 992, 42 South. 478, the above agreement was decided to be a promise of sale, and the cash price of $230 paid was considered in the light of a guaranty, or as mere earnest money. In a suit for specific performance, the defendant Bugdahl was permitted to withdraw from this agreement upon returning double the amount of earnest money.

It is immaterial that the word "earnest" is not used in the agreement under consideration in this case. The contract being sued on being a promise of sale, and not a sale, the money advanced by plaintiffs to bind it was earnest, under the law, whether the parties so designated it or not, and, in case of a promise to sell, "earnest," or the sum of money advanced as a guaranty of the execution of the contract means that either of the parties may withdraw from the contract, the one by forfeiture, the other by paying double, and earnest money is paid to enable the contractants to retain the privilege of withdrawing from the contract. Smith v. Hussey, 119 La. 38, 43 South. 902.

Article 2463 of the Civil Code declares:

"But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: He who had given the earnest, by forfeiting it, and he who has received it, by returning the double."

[2] This is true, however, only so long as the promise to sell remains as a mere promise to sell. The moment that a part of the purchase price, in addition to the earnest money, is paid, the promise to sell becomes merged into a contract of sale, and the privilege of withdrawing is at an end. The acceptance of the sale by payment of part of the purchase price perfects the contract, and the rights and obligations of the parties thereto become fixed under the law applicable to sales. Barfield v. Saunders, 116 La. 136, 40 South. 593.

The plaintiffs and defendants on September 19, 1919, entered into the following agreement:

"We have this day received from Ernest L. McCain and B. E. Jones the sum of $4,000, the same being the $4,000 additional payment on the purchase price of the Trilby plantation, which was to be paid by said McCain and Jones on this day as per agreement of September 16, 1918. It is understood that an additional $10,000 is to be paid November 1, 1918, and also an additional $10,000 January 1, 1919, same, together with the $4,000 this day paid and the cash $1,000 previously paid, constituting the cash portion of the purchase price of said Trilby plantation, which purchase price agreed on was $85,000. And it is further agreed and understood that the aforesaid McCain and Jones are to give S. B. Hicks, W. R. Cavett, and J. E. Davis, five vendor's lien notes for $5,600 each, payable yearly, bearing 7 per cent. interest per annum from this date, the said notes to begin maturing one year after date of taking possession by the said McCain and Jones. And it is further understood and agreed that the aforesaid S. B. Hicks, W. R. Cavett, and J. E. Davis are to deliver title to the Trilby plantation to the aforesaid McCain and Jones, January 1, 1919, free from all incumbrances whatever, excepting a certain mortgage for $32,000 against said property, which is to be assumed by the said McCain and Jones as the remaining portion of the deferred part of the purchase price of said Trilby plantation."

While it may be an unusual stipulation, yet the agreement of September 19, 1918, distinctly states that the cash portion of the purchase price, consisting of $25,000, should be paid in installments by January 1, 1919, the day on which title was to be delivered to plaintiffs by defendants, who complied, in part, with this stipulation, by paying $4,000 on September 19, 1918, $5,000 on November 1, 1918, and $1,500 on or about the 6th day of November, 1918.

On November 2, 1918, the day after the

plaintiffs had paid $5,000 of the $10,000 due on the cash purchase price November 1, 1918, they placed the Trilby plantation in the hands of the Steere Home Construction Company for sale for the agreed price of $100,-000, as the property of the plaintiffs; $40,-000 of this amount to be paid in cash at the time of the transfer, and, for the balance, the purchaser to assume payment of $60,000, to be secured by first mortgage and vendor's privilege on the property sold, and the notes, bearing 7 per cent. per annum interest from the date of transfer, payable annually, to fall due respectively in one, two, three, four, five, six, seven, eight, and nine years. Plaintiff gave the Steere Home Construction Company the exclusive right to sell this property for 45 days, including the privilege of said company to buy the property itself at any time during the life of the agreement, and, in the event of a sale to some third person, plaintiffs stipulated that said company was to receive a commission of 5 per cent. on the purchase price.

Plaintiffs also offered this property for sale a day or two after they signed the agreements of September 16 and 19, 1918, through Mr. Stephenson and Mr. Tigner, real estate agents in the city of Shreveport. Plaintiffs took possession of this plantation and moved hands to it and placed stock on it as early as November 10, 1918. They moved off the place about December 12, 1918, because they were dissatisfied with the place. Before January 1, 1919, they had moved off the place and given up the trade, and had demanded from defendants the return of their money. They had never raised any objection to the title up to that time.

The only objection they made on January 1, 1919, was that the title to S. ½ of the S. E. ¼ of section 36, township 18, range 13, a part of the Trilby plantation, was not good, because the deed from G. P. Rowell to J. E. Davis, one of the defendants, showed that the property was situated in range 12, instead of range 13. This objection was made to defendants' counsel on January 1, 1919, the day the deed was to be delivered to plaintiffs, who filed the present suit on January 4, 1919.

No opportunity was given to defendants, before bringing this suit, to prove that the misdescription as to the range was a clerical error on the part of the notary drafting the deed, and on the trial of the case on February 14, 1919, a deed correcting this mistake was filed in evidence.

The testimony of the plaintiffs in the record shows that the true reason for their attempt to recede from the sale was because they did not have the money to meet the November payment of $10,000, and because they became dissatisfied with the place after they went into possession of same.

The above facts clearly show that plaintiffs accepted the sale, and although they violated their obligation to make the cash payment of $10,000 on November 1, 1918, they seek to recover judgment in this suit against the defendants, first in the sum of $11,500, the amount of the earnest money and of the purchase price paid by them to defendants, and, in the alternative, for the sum of $10,500, the amount of the purchase price, in the event that the court should hold that the title was good, and the earnest money was therefore forfeited to the defendants.

The judgment of the lower court awarded the defendants the amount of the earnest money, but gave to plaintiffs the amount of the purchase price paid by them.

[3] As plaintiffs, under our view of the law and facts of this case, are not entitled to recover the amount of the purchase price paid by them to the defendants, and as the earnest money under the agreement of the parties of date September 19, 1918, was accepted by defendants as part of the cash purchase price, it is ordered, adjudged, and decreed

that the judgment appealed from be annulled and avoided, and reversed, and that the plaintiffs' demand be rejected, and that their suit be dismissed, at their costs.

O'NIELL, J., is of the opinion that the decree should be a judgment of nonsuit, or be so worded as to reserve whatever right plaintiffs may have to the payments made, in the event defendants sue for specific performance or to rescind the contract.

DAWKINS, J., dissents.