## LE BLANC v. WATSON et al.

(Circuit Court of Appeals, Fifth Circuit. May 12, 1926.)

No. 4747.

1. **Homestead ⊜⟶81—Vendor and purchaser ⊜⟶3(4)—Contract for sale of real estate, providing for abrogation on default of any payments, with note, referred to in contract, stipulating that, on failure to pay two installments, balance should become due, held to constitute contract of sale, entitling purchaser to homestead exemption (Civ. Code La. arts. 1957, 2439, 2456, 2463, 2474; Const. La. Art. 11, § 1).**

Under Civ. Code La. arts. 2439, 2456, contract for sale of real estate providing, on default of any installments, vendor could abrogate contract, with note for installments, referred to in contract, stipulating that, on failure to pay any two installments, balance should become due, *held* to constitute contract of sale, when construed in accordance with sections 1957, 2474, section 2463 not being applicable, and purchaser was entitled to homestead exemption provided in Const. La. art. 11, § 1.

2. **Deeds ⊜⟶26.**

Deed is unnecessary to transfer ownership of real property, where there is binding contract of sale.

Petition to Superintend and Revise and Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

In the matter of the bankruptcy of J. Hall Le Blanc. Claim of homestead by bankrupt, opposed by Warren O. Watson, trustee in bankruptcy, and others, was rejected, and bankrupt petitions to superintend and revise and appeals. Appeal dismissed, and petition to superintend and revise granted, with directions.

Chas. T. Wortham, of Donaldsonville, La. (W. E. Howell, of Thibodaux, La.; and R. B. Howell, of Baton Rouge, La., on the brief), for petitioner and appellant.

Benj. B. Taylor, of Baton Rouge, La. (Taylor, Porter, Loret & Brooks, of Baton Rouge, La., on the brief), for respondents and appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. J. Hall Le Blanc, bankrupt, seeks review of a decree of the District Court, sitting in bankruptcy, rejecting his claim of homestead. As the question presented is purely one of law, it will be considered on the bankrupt's petition to superintend and revise, and the appeal will be dismissed.

The facts are not in dispute. On January 20, 1923, Samuel I. Reymond and Le Blanc entered into a written contract whereby the former agreed to sell a lot which he owned, measuring 100x280 feet, to the latter for $9,150. A cash payment of $3,500 was acknowledged, and the balance of $5,650 was made payable in monthly installments of $100 each, to apply first on the interest and then in reduction of the principal. The agreement provided that, on Le Blanc's failure to pay any two of the installments, Reymond would be entitled to abrogate the contract and retain all sums received by him as rental. The deferred payments were represented by a promissory note, referred to in the contract and executed by Le Blanc, payable in installments as provided by the contract; but the note, unlike the contract, stipulated that, upon Le Blanc's failure to pay any two installments, the balance remaining unpaid should become immediately due and payable. Upon the execution of the contract and note Le Blanc went immediately into possession and occupied the lot as his home, but, after making 11 monthly payments of $100 each, went into bankruptcy.

Section 1 of article 11 of the Louisiana Constitution exempts from seizure and sale "the homestead, bona fide owned by the debtor and occupied by him, consisting of lands, not exceeding 160 acres, * * * of every head of a family, * * * to the value of two thousand dollars; Provided, that in case the homestead exceeds two thousand dollars in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum."

The trustee in bankruptcy sold the bankrupt's interest for $4,125, but the bankrupt's petition to be allowed $2,000 of that amount was denied by the District Judge, on the theory that the agreement was a mere promise to sell, dependent upon conditions, to be performed or not at the option of the bankrupt, and that the rights of the parties were fixed by article 2463 of the Louisiana Civil Code, which provides that, "if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise, to wit, he who has given the earnest, by forfeiting it; and he who has received it, by returning the double."

[1] We are of opinion that the agreement be-

tween Reymond and Le Blanc constituted a contract of sale, as distinguished from a conditional promise or option, and is governed by the following provisions of the Louisiana Civil Code:

Article 2439: "The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself. Three circumstances concur to the perfection of the contract, to wit: The thing sold, the price and the consent."

Article 2456: "The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."

[2] The trustee, in support of the decree of the District Court, relies on a number of decisions by the Supreme Court of Louisiana construing contracts very similar to the one before us, with the important exception that in none of them did the prospective purchaser or promisee undertake to bind himself to pay the purchase price. Among these cases are Trichel v. Home Insurance Co., 155 La. 459, 99 So. 403, and Pruyn v. Gay, 159 La. 981, 106 So. 536. In the Trichel Case it is said that "neither consent, nor delivery, nor payment of price suffice to transfer the ownership; there must be a deed translative of the title." But, later on in the opinion, this expression is qualified, so as to indicate that the court was speaking of title rather than ownership. At all events, it was not dealing with a case where the promisee had bound himself to take the property. The case of Pruyn v. Gay, supra, cites the Trichel Case with approval, and holds that a deed is necessary, unless it is merely confirmatory of a previously existing contract. A deed is merely the evidence of ownership, and we do not understand that the Supreme Court of Louisiana meant to say that, where property has been bought and paid for under a binding contract, nothing short of a deed will make the purchaser the owner.

On the contrary, it was held in Jaenke v. Taylor, 160 La. 109, 106 So. 711, decided on the same day as Pruyn v. Gay, that a contract which was carried to execution, except for the signing of the deed and the payment of the purchase price, sufficed to transfer ownership, and it was ordered that the judgment stand as the muniment of title in the place of a deed. That a deed is unnecessary to transfer ownership of real property, where there is a binding contract of sale, appears to be established in Louisiana beyond question. Barfield v. Saunders, 116 La. 136, 40 So. 593; Girault v. Feucht, 117 La. 276, 41 So. 572; Murphy v. Hussey, 117 La. 390, 41 So. 692; Whited v. Calhoun, 122 La. 100, 47 So. 415; Provenzano v. Glaesser, 122 La. 378, 47 So. 688; Herndon v. Wakefield, 143 La. 724, 79 So. 318; McCain v. Hicks, 150 La. 43, 90 So. 506.

It is contended that the bankrupt's note for the balance of the purchase price was given merely for convenience, and did not modify or affect the conditional promise to sell, or bind the bankrupt. Upon default of two installments, the contract provided for forfeiture, and the note for the immediate payment of the balance of the purchase price. There is a plain inconsistency between the two, and if the case were doubtful, the contract, which included the note by specific reference, would have to be construed against Reymond. Civil Code, §§ 1957, 2474. The only fair inference is that Reymond was unwilling to part with the possession of the property upon the signing of a contract which he could not enforce, and therefore demanded the note. We cannot read the note out of the transaction, because it was put into it by the parties. Upon acceptance of the note, it was no longer open to Reymond to enforce a forfeiture. His only remedy was to rely upon the note, and to assert his lien for the unpaid part of the purchase price.

The situation is not different from what it would be, if in the first instance a deed had been given and a mortgage taken from the purchaser for the unpaid part of the purchase price. The conclusion is that the bankrupt was the owner of the property, and was therefore entitled to the exemption given him as such by the Constitution of Louisiana.

The appeal is dismissed, and the petition to superintend and revise is granted, with directions for further proceedings not inconsistent with this opinion.