## ROY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7169.

Circuit Court of Appeals, Fifth Circuit.
March 23, 1934.

Rehearing Denied April 21, 1934.

John J. Finnorn, of New Orleans, La., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Norman D. Keller and Sewall Key, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The petitioner complains of deficiency assessments of his income taxes for the year 1923, which were made by the Commissioner of Internal Revenue and approved by the Board of Tax Appeals. The assessments were made upon income derived from contracts for the sale of real estate providing for payment of a part of the purchase price in cash and of the balance in installments. Petitioner during the taxable year involved was a member of a partnership which was engaged in the business of purchasing tracts of unimproved land, subdividing the land, and selling it in small units. All the contracts here involved were on the same printed form, by the terms of which the vendor acknowledged receipt of an initial payment and agreed to convey good title upon receipt of all deferred payments, which were evidenced by the purchaser's notes. The purchaser on his part agreed to purchase the property at the price and on the terms stated.

The Revenue Act of 1921, under which the assessments were made, provides in section 202 (a) that the basis for ascertaining the gain derived from the "sale or other disposition" of real property shall be the cost thereof; and in subdivision (f) of the same section, that "nothing in this section shall be construed to prevent (in the case of property sold under contract providing for payment in installments) the taxation of that portion of any installment payment representing gain or profit in the year in which such payment is received." 42 Stat. 229, 231. With the approval of the Secretary of the Treasury, the Commissioner was authorized to make all needful rules and regulations for the enforcement of the provisions of the act. 42 Stat. 309.

The Revenue Act of 1926 contains similar provisions. 26 USCA § 932 (a) and (e). It further provides in section 212 (d) that in the case of a "sale or other casual disposition" of real property by a person who regularly sells or otherwise disposes of it on the installment plan, if the initial payments do not exceed one-fourth of the purchase price,

the income therefrom in any taxable year may, under regulations prescribed by the Commissioner, be returned in that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payments are completed bears to the total contract price. Initial payments are defined to be such as are received during the taxable year in which the sale or other disposition is made. 26 USCA § 953 (d). Section 212 (d) was made retroactive so as to include income tax returns for the taxable year in question. 26 USCA § 953 (a). The Commissioner prescribed regulations under each act providing for income tax returns on the installment basis where the initial payments did not exceed one-fourth of the purchase price, and under the later act on the deferred payment plan where the initial payments were in excess of one-fourth of the purchase price. Regulations 62 and 69, arts. 44, 45, and 46. The petitioner himself for the taxable year in question made all his returns upon the installment plan; but, as appears from the deficiency assessments, the Commissioner adjusted the returns in accordance with the regulations, with the result that additional taxes were assessed on account of sales where the initial payments exceeded one-fourth of the contract price. On appeal to it the Board considered the case as though the evidence failed to show that there were any transactions involving initial payments of more than one-fourth of the purchase price, or, if there were, how the Commissioner had treated them; and held that the petitioner, having made his returns on the installment basis, was estopped to resort to any other. The Board's erroneous view of the evidence as to the Commissioner's findings on the question whether a particular contract was on the installment or deferred payment plan is, as we think, immaterial; for petitioner does not contend that the assessments against him were not made in accordance with the Commissioner's regulations. Petitioner's contention at last is that he owed no income tax unless and until all payments provided for by a contract of sale had been made and a conveyance of the land had been executed.

It is argued that under the Louisiana law there is no sale of land until passage of title. In Louisiana, as elsewhere, specific performance of a valid contract of sale may be enforced. Civ. Code, art. 2462. In Barfield v. Saunders, 116 La. 136, 40 So. 593, 595, it is said that: "When a promise to sell has been accepted it has an effect analogous to a sale. The buyer acquires a real right and he has claim upon the property." And in McCain v. Hicks, 150 La. 43, 90 So. 506, the court said: "The moment that a part of the purchase price, in addition to the earnest money, is paid, the promise to sell becomes merged into a contract of sale, and the privilege of withdrawing is at an end. The acceptance of the sale by payment of part of the purchase price perfects the contract, and the rights and obligations of the parties thereto become fixed under the law applicable to sales." But if it be assumed that petitioner's interpretation of the Louisiana law is correct, effect must none the less be given to the federal income tax laws, which are designed to apply uniformly in all the states, irrespective of local laws. Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720; Palmer v. Bender, 287 U. S. 551, 53 S. Ct. 225, 77 L. Ed. 489. The Revenue Act under consideration speaks of income derived not only from the sale, but also from "other disposition" of real property, and applies to transactions where such property is sold under contracts providing for payment in installments. It therefore applies, in our opinion, to just such transactions as are involved in this case. Lucas v. North Texas Co., 281 U. S. 11, 50 S. Ct. 184, 74 L. Ed. 668, and Baird v. United States (C. C. A.) 65 F.(2d) 911, relied on by the petitioner, are not in point. There was no question of installment sales in either of those cases; and in each it was held that the sale was not completed and the purchaser unconditionally bound during the taxable year.

The petition for review is denied.