Earl R. WISEMAN, Individually, and as District Director of Internal Revenue, Appellant,

v.

William F. SCRUGGS and Anna T. Scruggs, Appellees.

No. 6302.

United States Court of Appeals Tenth Circuit.

Aug. 13, 1960.

I. Henry Kutz, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Will T. Wright, Enid, Okl. (Lowell T. Sawyer, Enid, Okl., was with him on the brief), for appellees.

Before BRATTON, PICKETT and LEWIS, Circuit Judges.

BRATTON, Circuit Judge.

This case, instituted in the United States Court for Oklahoma by William F. Scruggs and wife against the Director of Internal Revenue for the District of Oklahoma, presents for determination a controversy concerning the tax consequences of a contract relating to the sale of a tract of unimproved land containing 320 acres in the State of Washington.

Scruggs and wife were citizens of the State of Oklahoma. They owned the land. Builders Mortgage Investment, Inc., was a corporation engaged in business in the State of Washington. On June 4, 1954, Scruggs and wife, as sellers, entered into a written contract with Builders, as purchaser, for the sale of the land. The contract provided among other things that the purchase price for the entire tract was $40,000; that $10,000 was paid in cash; that the balance with interest at the rate of five per cent per annum was to be paid in annual installments of $8,000, or more, beginning July 1, 1955; and that the purchaser at its option could pay the entire balance due on or before September 8, 1954, without interest. The contract further provided that upon payment of the initial installment of $8,000, the sellers should convey to the purchaser 120 acres in partial fulfillment of the contract;

that thereafter upon payment of each additional $8,000 installment, the sellers should convey to the purchaser 60 acres; that the purchaser should have the privilege of designating the acres to be conveyed; and that the sellers should furnish to the purchaser a policy of title insurance issued by a specified company. The contract further provided that the purchaser was entitled to take possession of the premises "on closing"; and that upon default by the purchaser, the sellers could at their election cancel the contract and retain the sums paid thereon or sue for the unpaid installments. The contract was carried out according to its terms. The cash payment of $10,000 was made; the contract was filed of record on June 7, 1954; the sellers furnished the certificate of title; the right of the purchaser to possession was never challenged; the taxes for 1954 were prorated and paid; the purchaser paid the taxes for subsequent years; the installments were paid; and as the installments were paid, deeds of conveyance were executed and delivered, the first in 1955.

In their income tax return for 1954, Scruggs and wife reported the transaction as a short-term capital gain and treated the gain thereon on the installment basis. A claim for refund was presented, based on the contention that the transaction was erroneously reported as a sale in 1954; and that it constituted a sale of separate tracts of land in the years 1955, 1956, 1957, and 1958. Having failed to receive notice of action upon the claim within six months after its filing, Scruggs and wife instituted this action. The court determined that there was no sale until the deeds were executed and delivered to the respective parcels of land in 1955, 1956, 1957, and 1958; and that there was no taxable income from the transaction in 1954. Judgment was entered for Scruggs and wife, and the Director appealed.

■ Section 61(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 61(a), is a recodification of earlier law. In presently pertinent part, it provides that gross income includes gains derived from dealings in property. Section 453 of the Code, 26 U.S.C.A. § 453, is also a recodification of earlier law. It concerns itself with the return of income on the installment method. And in presently pertinent part, it provides in substance that where real property is sold on an installment basis extending over more than one year with not more than thirty per cent of the selling price received in the year of the sale, the taxpayer may at his election treat the sale on an installment basis and return as income therefrom in any taxable year only the proportion of the gain reflected by the payment received in that year. These statutory provisions have controlling application in instances in which real property is sold on an installment basis extending over more than one year with not more than thirty per cent of the selling price received in the year of the sale and the seller elects to treat the sale on the installment basis and return the gain thereon accordingly.

■ The contract under review was not an executory contract to sell. It was a contract of sale. In its primary aspects, the contract upon its execution created a present obligation on the part of the sellers to execute and deliver deeds of conveyance as installment payments were made; in like manner, it created a present obligation on the part of the purchaser to make the installment payments, and it vested in the purchaser the right of possession of the land. The contract did not contemplate the execution and delivery of a deed or deeds in 1954, and none was executed and delivered during that year. But under the provisions of sections 61(a) and 453, supra, the execution and delivery of a deed or deeds during that year was not an essential prerequisite to tax liability on the part of the sellers during the year on the portion of the gain reflected by the cash payment of $10,000. For purposes of rendering the sellers liable for tax in 1954 upon the portion of the gain reflected in the cash payment of $10,000 made at the time of the execution of the contract, it

was enough that the contract obligated the sellers to execute and deliver deeds of conveyance in subsequent years; that it obligated the purchaser to make the payments during the subsequent years; that it vested the purchaser with the right of possession; that the cash payment made during that year did not exceed thirty per cent of the selling price; and that the taxpayers elected to treat the transaction as a sale on the installment basis. Roy v. Commissioner, 5 Cir., 69 F.2d 786, certiorari denied 293 U.S. 580, 55 S.Ct. 92, 79 L.Ed. 676; Commissioner v. Union Pacific R. Co., 2 Cir., 86 F.2d 637; United States v. Utah-Idaho Sugar Co., 10 Cir., 96 F.2d 756, certiorari denied 305 U.S. 631, 59 S.Ct. 95, 83 L.Ed. 404. Within the meaning of the statutory provisions, a taxable sale of the property was made in 1954; the taxpayers elected to treat it as a sale on an installment basis; their return for that year was made on that basis; and they were not entitled to a refund.

The judgment is reversed and the cause is remanded.