**J. L. and Bettie N. NUNN, Plaintiffs,**

v.

**William M. GRAY, District Director of Internal Revenue, Defendant.**

**Civ. A. No. 3866.**

United States District Court
W. D. Kentucky,
at Louisville.
July 28, 1961.

Bernard H. Barnett, Greenebaum, Barnett, Wood & Doll, Louisville, Ky., for plaintiffs.

William B. Jones, U. S. Atty., Louisville, Ky., for defendant.

BROOKS, Chief Judge.

This is an action for the recovery of income taxes alleged to have been illegally assessed and collected, and is submitted upon plaintiff's motion for summary judgment. The question to be decided is whether the plaintiff taxpayers who sold real estate during the year 1952 must affirmatively elect the installment method of reporting their gain on their return for the year of sale or may wait, as they did, until the following year to make their election.

The facts necessary to decide this question have been stipulated. In 1939 the taxpayers purchased 78 acres of unimproved real estate located near Amarillo, Texas for $3,120 and on November 21, 1952 sold this property at an agreed price of $124,800 for which they received a promissory note for the full amount. The note was not negotiable, its terms providing that in event of default and foreclosure no deficiency judgment could be taken against the maker except as to accrued interest, and also granting the maker the option of reconveying the land to taxpayers at any time in cancellation of the principal amount of the note. The only cash received by the taxpayer in the year of sale was the sum of ten dollars, the deed reciting that the property was conveyed "for and in consideration of the sum of Ten ($10.00) dollars, and other good and valuable considerations * * *." (The ten dollars was apparently an earnest payment since it was in addition to the agreed sales price.) Cash payments totaling $16,940 were received on the note during the calendar year 1953 and the taxpayers in their return for that year reported receipt of these payments, and reflected the sale of the property on the installment basis.

Upon audit and revision of taxpayers' 1952 return there was duly assessed a deficiency for that year in the amount of $33,742.60, plus interest in the amount of $10,864.16. The taxpayer paid the deficiency, made a claim for refund which was denied, and this action resulted.

Neither Section 44 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 44, which provides for the return of income on the installment basis, nor the Regulations issued thereunder, Treasury Regulations 118 (1939 Code), Sec. 39.44–2, Sec. 39.44–3(a) and Sec. 39.44–4(a), expressly specify when a taxpayer must make known his election to report income on the installment method. The Tax Court, however, has held that it is necessary for a taxpayer seeking the advantage of reporting income on the installment basis to make an affirmative election in the return filed for the year of the installment sale, Sarah Briarly, 29 B.T.A. 256; W. T. Thrift, Sr., 15 T.C. 366; Albert Vischia, 26 T.C. 1027; John W. Commons, 20 T.C. 900; Cedar Valley Distillery, Inc., 16 T.C. 870; W. A. Ireland, 32 T.C. 994. The last cited case refers to two cases decided by the Court of Appeals for the Sixth Circuit, United States v. Eversman, 133 F.2d 261 and Scales v. Commissioner, 211 F.2d 133, reversing 18 T.C. 1263, which cases are relied upon by the taxpayers in this case, and states its disagreement with them. In both of these cases, Eversman and Scales, no election was made in the return for the year of the installment sale, although there was a full disclosure in each return of the

details of the sale. In Eversman the Court said:

"We find no force in the argument that Mrs. Eversman was required to make an express election in her tax return, in order to receive the benefits available to her under Sections 44(b) and 44(d) of the statute. The Government would have us read into the statute requirements not found there. No provision to the effect that the taxpayer must have made an express election in a previous taxable year is found in the statute. While Mrs. Eversman, in her 1931 income tax return, did not expressly state her election to report under Section 44(b) the $20,000 received from the property sale during that year, she did file, with her return, a detailed report of the sale and repossession of the Wagner property. The course pursued by her evidenced a manifest belief that the transaction which she had described entailed no additional tax liability. The Treasury Department was put in possession of all the relevant facts. Her failure to adopt fruitless ritualistic measures should not foreclose the allowance to her of all lawful benefits under the statute." 133 F.2d 261, 266.

In the recent case of Hornberger v. Commissioner of Internal Revenue, 5 Cir., 1961, 289 F.2d 602, 604, the Eversman and Scales cases were followed and cited in support of the refusal by the Fifth Circuit to require the taxpayer to make an affirmative election in the year of the installment sale where the omission was due to an error of an accounting firm and was without negligence on the part of the taxpayer. In its opinion the Court noted that the disclosure of all the facts by the taxpayer's return in Eversman had no bearing on the making of an election, and also mentioned that the Tax Court itself in Bayley v. Commissioner of Internal Revenue, 35 T.C. 288 recognized that neither statute nor regulations specifically require that the taxpayer must make his election on his return in the year of sale in order to have the benefits of the installment method.

In the present case the taxpayers did not report the details of the sale in their return for the year of sale as was done in Eversman and Scales, and they make no showing that their failure to make an election in their return for the year of sale was without negligence as was found in Hornberger. However, under the precise circumstances of this case it is believed that the liberal rule followed by the Sixth and Fifth Circuits operates to relieve the taxpayers of the heavy penalty which the Government seeks to impose for failure to make an election at a specified time that is not expressly required by either statute or regulation. As the Court stated in Hornberger:

"We are not dealing with a statute which in express terms requires an *election* by the taxpayer at a certain time or in a certain manner, or that in fact even mentions an 'election' at all. * * * We are not dealing with a case where a taxpayer has made an election by reporting the sale on a deferred payment basis and subsequently seeks to change his position, as was the situation in Pacific National Company v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282, and in Jacobs v. Commissioner, 9 Cir., 224 F.2d 412 * * *."

Here the taxpayers made their election in their 1953 return for the calendar year in which they first received a substantial payment on a sale that was conditioned so the purchaser could have been relieved of his bargain at any time. No attempt was made to second guess the Government or to treat the sale in an inconsistent manner, and it was reported as an installment sale while the return for the year of sale was still open to adjustment. Under these facts a deficiency should not have been assessed.

Counsel for the plaintiffs shall tender judgment on notice.