Marion C'de BACA, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 20354.

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1964.

Wentworth T. Durant, Robert Edwin Davis, Dallas, Tex., for petitioner.

J. Edward Shillingburg, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Crane C. Hauser, Chief Counsel, I. R. S., Glen E. Hardy, Atty., I. R. S., Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and BROWN and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

This petition to review a decision of the Tax Court raises the question whether a taxpayer loses the right to report a sale of real estate as an installment sale if he negligently fails to file a return for the tax year in question.

The relevant facts are all stipulated. Those essential to our consideration of the case are: Petitioner was a single woman residing in Amarillo, Texas, during 1953. During that year she received $118,400.00 for the sale of her farm in Hale County, Texas, representing a gain of $90,911.00, which, of course, was taxable income to her. She failed to file a tax return in March 1954, reporting her income for the tax year 1953, and also failed to file returns in the two subsequent years. It was not until March 26, 1957, that she filed her income tax return for 1953 and for intervening years. Although petitioner undertook to show illness and other concerns that interfered with her proper handling of her affairs, the Tax Court found that the failure to file the returns for the three years was due to her negligence. She was subjected to negligence penalties and also to the penalty for failure to file a declaration of estimated tax.

When taxpayer filed her return in 1957, which was the first return filed by her following the sale of the property, she reported it on the installment basis. On July 30, 1959, the Commissioner mailed a statutory notice of deficiency which determined " * * * you are not entitled under the internal revenue laws to report the gain of $90,911.00 realized on the sale of your farm in 1953 on the in-

stallment basis; \* \* \*." Upon filing her petition with the Tax Court and upon this simple state of facts, the Tax Court concluded " \* \* \* petitioner's income tax returns for 1953 and 1954 filed on March 26, 1957, were not timely returns and petitioner had forfeited her right to report the profits received from the sale of her farm in 1953 on the installment basis."

The provision of the Internal Revenue Code that is here for construction is Section 44(b).[1] The parties agree, as they must from a simple reading of the statute, that there is no language contained in the law itself that limits the exercise of the option by the taxpayer to a timely filed return for the year in which the sale occured. In fact, the government's brief asserts that "Two qualifications must be met by a taxpayer: (1) The initial payments received in the sale year must not exceed 30 per cent of the selling price, and (2) the taxpayer must make an election." If these are really the only two qualifications then clearly the Tax Court decision is wrong. Although not saying so in the terms of an additional qualification, however, the government proceeds to argue that the second requirement, to-wit, "that the taxpayer must make an election," has a further requirement, not stated in the statute, that the election be made in a timely filed return for the year in which the sale takes place. We conclude that no such requirement can be engrafted upon the requirements in the statute.

As this Court said in Hornberger v. Commissioner, 5 Cir., 289 F.2d 602:

"It is, of course, necessary for the taxpayer to report his income for tax purposes. Normally, this obligation is met by taxpayers who report all transactions that result in taxable income. To the extent that one fails to do this he is immediately faced with the obligation of accounting for such failure. If due to negligence or fraud moderate to heavy sanctions are imposed."

Here, by reason of the holding of the Tax Court that the failure to file the returns was due to the negligent omission of the taxpayer, moderate sanctions have been imposed. In addition, sanctions have been imposed for the failure to make a timely estimate of 1953 taxes. However, the Commissioner seeks to have the court impose additional sanctions, sanctions which are much heavier than those which Congress has seen fit to impose for negligence.

Since Section 44(b) expressly authorizes the Commissioner to prescribe regulations under which such income as here in issue may be returned on the installment basis, it might be expected that if the statute was to be construed in the manner now contended for by the Commissioner he would have required a timely election under regulations prescribed by him. Nevertheless, it is significant that the regulations issued under Section 44(b) themselves are silent with respect to the requirement that such an election be made in a timely filed tax return.[2]

1. Sec. 44(b) "Sales of realty and casual sales of personalty: In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30 per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed

by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term 'initial payments' means the payments received in cash or property other than evidence of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made."

2. The prescription by regulation of such a requirement might still, of course, be subject to the attack that it was unauthorized as adding limitations beyond that authorized in the statute itself. Cf. United States v. Marett, 5 Cir., 325 F.2d 28.

This is not such a case as was presented in Pacific Nat'l Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed.2d 1282, which held that an election to report the full contract price in the year of sale having once been made was irrevocable and binding. Such a holding is consistent with the statutory requirement that an election be made. Since it provides for only one election, it is understandable that the court would require that, once having been made, the taxpayer be bound by it.

In Hornberger v. Commissioner, supra, this Court had for decision the somewhat different question that arose when the taxpayers, although filing a timely return, through inadvertence and without either negligence or fraud, omitted any reference to the sale later sought to be claimed as an installment sale. Under those circumstances, we said,

> "If resulting from honest error, as here, all that is required is that the omission be rectified, if not voluntarily by the taxpayer, then upon deficiency notice from the Commissioner. Here the government seeks to invoke a heavy sanction in the case of a non-negligent good faith omission that the statute does not expressly authorize. Nor does the regulation promulgated by the Commissioner under authority of the statute authorize it."

The Commissioner here places great significance upon the fact that in the Hornberger case the omission was non-negligent. Nevertheless, it is just as true that neither the statute nor the regulation authorizes this sanction in the case of a negligent omission, as in the case of a non-negligent omission. We think that the penalty provisions for negligence and for failure to make a timely estimate completely exhaust the power in the Commissioner or the courts to penalize for these omissions. The law does not lightly impose penalties and courts look with disfavor on forfeitures. Other cases favoring the taxpayer's general contention that the election requirements of § 44(b) are not to be applied in a more restrictive fashion than is here decided are United States v. Eversman, 6 Cir., 133 F.2d 261; Scales v. Commissioner, 6 Cir., 211 F.2d 133; Nunn v. Grey, (W.D. Ken.) 196 F.Supp. 305; and Stouffer v. United States, 225 F.Supp. 965 (S.D. Ohio). We think, however, that we need go no further than the Hornberger case to find the controlling principle here, that is, that the statute does not authorize the imposition of an added penalty for the late filing of the 1953 tax return in the nature of a forfeiture of the rights of the taxpayer to make an election to treat as an installment sale a sale which in all other respects is subject to such treatment.

The decision of the Tax Court is set aside and the case remanded for further proceedings not inconsistent with this opinion.