**R. G. JOLLEY and Varno Jolley, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 508.

United States District Court D. Nevada.

March 25, 1965.

Judgment June 30, 1965.

A. W. Ham and A. W. Ham, Jr., Las Vegas, Nev., for plaintiffs.

John W. Bonner, U. S. Atty., Las Vegas, Nev., Robert S. Linnell, Asst U. S. Atty., Las Vegas, Nev., Jerome Fink, Dept. of Justice, Tax Division, Washington, D. C., for defendant.

ROGER D. FOLEY, Chief Judge.

The essential facts are not in dispute. Plaintiffs, taxpayers, on April 9, 1956, entered into a contract with Las Vegas Television, Inc., wherein they agreed to sell five hundred (500) shares of that Corporation's common stock, which they owned, back to the Corporation for a total of Two Hundred Seventy Thousand Dollars ($270,000), with a down payment of Thirty Thousand Dollars ($30,000), and the balance payable, without interest, at Two Thousand Dollars ($2,000) per month, payable in full in ten (10) years. The contract became effective in February of 1957, when the sale was approved by the Federal Communications Commission and the stock was transferred from the taxpayers to the Corporation at that time. Taxpayers received payments on the contract in 1957 totalling Sixty-four Thousand Dollars ($64,000). Taxpayers had acquired the stock in March of 1953 at a cost of Fifty Thousand Dollars ($50,000).

The taxpayers made no reference whatever to the contract of sale on their 1957 income tax returns. Upon audit, the Commissioner assessed the entire profit on this sale, which was One Hundred Fifty-Three Thousand Eight Hundred Seventy Dollars ($153,870) (the discounted value of the sale of Two Hundred Three Thousand Eight Hundred Seventy Dollars ($203,870), less its basis of Fifty Thousand Dollars ($50,000)) to the taxpayers as capital gains income in 1957. The assessments, plus interest, were paid and taxpayers thereupon filed timely claim for refund, asserting that

they should have been permitted to report the profit from the sale on the instalment basis.[1] The refund claims were disallowed by statutory notice of disallowance on the grounds that the taxpayers had not made a timely election to use the instalment basis on their 1957 returns and this action was timely commenced.

Counsel have stipulated that the sole issue to be determined in this case is whether taxpayers are entitled to utilize the instalment method provided by Section 453 of the Internal Revenue Code of 1954[2] of reporting gains on the sale of property.

The Government relies principally on Jacobs v. Commissioner, 9 Cir., 1955, 224 F.2d 412, for the proposition that in order to employ the instalment method, the taxpayer must make a timely election, normally on his tax return for the year in which the sale occurred. The Government also relies upon Pacific National Co. v. Welch, 304 U.S. 191, 195, 58 S.Ct. 857, 82 L.Ed. 1282; Ireland v. Commissioner, 32 T.C. 994; Briarly v. Commissioner, 29 B.T.A. 256; Vischia v. Commissioner, 26 T.C. 1027; Commons v. Commissioner, 20 T.C. 900; Cedar Valley Distillery, Inc. v. Commissioner, 16 T.C. 870; and Thrift v. Commissioner, 15 T.C. 366.

Treasury Regulation 1.453–8(a) (2) of the 1954 Code, which reads in part:

"A taxpayer who adopts the installment method for the first taxable year in which he makes sales on the installment plan of any kind must indicate in his income tax return for that taxable year that the installment method of accounting is being adopted and specify the type or types of sales included within such election."

applies to tax years ending after December 17, 1958 (see T.R. 1.453–10(b), 1954 Code) and is not applicable here.

The Government, however, relies on Revenue Ruling 93, quoted in footnote 2 at Page 7 of its brief, as follows.

" 'An election to report a sale of property on the installment basis, under * * * [predecessor of Section 453], must be exercised in a timely filed Federal income tax re-

1. Defendant asserts, and taxpayers do not otherwise contend, that it was not until 1961, after taxpayers' returns had been audited and assessments based on the sale made, that taxpayers first asserted their claim to use the instalment basis.

2. 26 U.S.C. 453 (a) and (b):
"§ 453. *Installment method*
(a) *Dealers in personal property.*—Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price.
(b) *Sales of realty and casual sales of personalty.*—
(1) *General rule.*—Income from—
(A) a sale or other disposition of real property, or
(B) a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year) for a price exceeding $1,000,
may (under regulations prescribed by the Secretary or his delegate) be returned on the basis and in the manner prescribed in subsection (a).
(2) *Limitation.*—Paragraph (1) shall apply—
(A) In the case of a sale or other disposition during a taxable year beginning after December 31, 1953 (whether or not such taxable year ends after the date of enactment of this title), only if in the taxable year of the sale or other disposition—
(i) there are no payments, or
(ii) the payments (exclusive of evidences of indebtedness of the purchaser) do not exceed 30 percent of the selling price.
(B) In the case of a sale or other disposition during a taxable year beginning before January 1, 1954, only if the income was (by reason of section 44(b) of the Internal Revenue Code of 1939) returnable on the basis and in the manner prescribed in section 44 (a) of such code."

turn for the taxable year in which sale was made, otherwise the right of such election is forfeited.'"

The taxpayers cite and rely upon Hornberger v. Commissioner, 5 Cir., 1961, 289 F.2d 602; United States v. Eversman, 6 Cir., 1943, 133 F.2d 261; Scales v. Commissioner, 6 Cir., 1954, 211 F.2d 133; and Nunn v. Gray, D.C., 196 F.Supp. 305.

This Court believes that the recent case of Baca v. Commissioner, 5 Cir., 1964, 326 F.2d 189, as well as Hornberger, is dispositive of the question and that Jacobs is not in point.

Baca and Hornberger dealt with Section 44(b) of the 1928 Revenue Act [1939 Code]. For our purposes the pertinent provisions of that Section and Section 453 of the 1954 Code are the same.

In Baca, the taxpayer sold her farm in 1953, realizing a substantial profit. She failed to file income tax returns for the years 1953, 1954, 1955 and 1956. In 1957, she reported the sale of her farm on the instalment basis. The Government, as it does in this case, took the position the taxpayer did not timely elect the instalment basis and the Government prevailed in the Tax Court.

On appeal, the Fifth Circuit stated, at page 190 of 326 F.2d:

" * * * The parties agree, as they must from a simple reading of the statute, that there is no language contained in the law itself that limits the exercise of the option by the taxpayer to a timely filed return for the year in which the sale occurred. In fact, the government's brief asserts that 'Two qualifications must be met by a taxpayer: (1) The initial payments received in the sale year must not exceed 30 per cent of the selling price, and (2) the taxpayer must make an election.' If these are really the only two qualifications then clearly the Tax Court decision is wrong. Although not saying so in the terms of an additional qualification, however, the government proceeds to argue that the second requirement, to-wit, 'that the tax-

payer must make an election,' has a further requirement, not stated in the statute, that the election be made in a timely filed return for the year in which the sale takes place. We conclude that no such requirement can be engrafted upon the requirements in the statute.

"As this Court said in Hornberger v. Commissioner, 5 Cir., 289 F.2d 602:

'It is, of course, necessary for the taxpayer to report his income for tax purposes. Normally, this obligation is met by taxpayers who report all transactions that result in taxable income. To the extent that one fails to do this he is immediately faced with the obligation of accounting for such failure. If due to negligence or fraud moderate to heavy sanctions are imposed.'

Here, by reason of the holding of the Tax Court that the failure to file the returns was due to the negligent omission of the taxpayer, moderate sanctions have been imposed. In addition, sanctions have been imposed for the failure to make a timely estimate of 1953 taxes. However, the Commissioner seeks to have the court impose additional sanctions, sanctions which are much heavier than those which Congress has seen fit to impose for negligence."

At Page 191, the Court, without saying so in so many words, disposes of the Government's contention, here, that Jacobs is controlling:

"This is not such a case as was presented in Pacific Nat'l Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed.2d 1282, which held that an election to report the full contract price in the year of sale having once been made was irrevocable and binding. Such a holding is consistent with the statutory requirement that an election be made. Since it provides for only one election, it is understandable that the court would

require that, once having been made, the taxpayer be bound by it."

Pacific National was relied upon and quoted from Jacobs and properly so, as the taxpayer in that Ninth Circuit case sought to change to an instalment basis after having elected to report the entire gain as income in one year.

The Fifth Circuit, in Baca, concludes with the following significant language:

"* * * We think, however, that we need go no further than the Hornberger case to find the controlling principle here, that is, that the statute does not authorize the imposition of an added penalty for the late filing of the 1953 tax return in the nature of a forfeiture of the rights of the taxpayer to make an election to treat as an installment sale a sale which in all other respects is subject to such treatment."

On September 18, 1964, the United States Tax Court, in the case of F. E. McGillick Co. v. Commissioner, 42 T.C. No. 83, 33 L.W. 2157, after citing Baca, stated:

"'From our analysis of the statute, correlative regulations, and cases, we now conclude that the controlling legal principle is as stated in the Baca case. To reiterate, that principle is 'that the statute does not authorize the imposition of an added penalty for the late filing of [a] tax return in the nature of a forfeiture of the rights of the taxpayer to make an election to treat as an installment sale a sale which in all other respects is subject to such treatment.' Accordingly, we will hereafter follow the principles announced by the Court of Appeals in Baca'—Fisher, J."

The taxpayers are entitled to judgment as prayed for.

Counsel have stipulated that the amount of recovery, if any, to which Plaintiffs will be entitled shall be computed by the parties following the Court's decision and agreed judgment submitted to the Court for entry. If the parties are unable to agree on the amount of judgment, then the Court shall determine the same.

Let Findings of Fact, Conclusions of Law and Judgment be prepared and submitted in accordance with Rule 15 of the local Rules of this Court.

## JUDGMENT

The Court having considered the stipulated facts and briefs of counsel, and having entered its decision herein, it is in conformity therewith:

Ordered that plaintiffs have judgment against defendant for the principal amount of $32,827.16, with interest thereon at six percent according to law.