**The GLIDDEN COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C 64–396.**

United States District Court
N. D. Ohio, E. D.

Nov. 19, 1964.

Barring Coughlin, Thomas J. McCann, Jr., Cleveland, Ohio, for plaintiff.

Merle M. McCurdy, U. S. Atty., for defendant.

CONNELL, Chief Judge.

This is an action for a refund of an alleged over-payment of Federal income taxes for the fiscal year ending August 31, 1959. The controversy between the taxpayer and the Government arose over the tax implications of the transfer of the plaintiff's Chemurgy Division to Central Soya Company on September 1, 1958. The exhibits attached to the complaint (all of which the defendant admits to be authentic), together with other admissions in the defendant's answer, clearly show that the following facts are not in dispute. The plaintiff in its original corporate tax return for the fiscal year ending August 31, 1959, reported the transaction between itself and Central Soya as a lease with an option to purchase and reported the income from the transaction as rental income. After an audit by the Internal Revenue Service, it was determined by the Government that the transaction was a sale consummated in the fiscal year ending in 1959, and proposed a deficiency in the amount of $277,455. (Cf. 30-day letter, Ex. 1). The plaintiff thereafter attempted to file an amended return for the year in question, admitting that the transaction was a sale, but electing to report its gain on the installment basis as provided by Section 453 of the Internal Revenue Code of

1954. The Government then issued a notice of deficiency, determining that the transaction was a sale but refusing to permit the use of the installment method because the election to do so had not been made in the plaintiff's original return. A deficiency was accordingly asserted in the amount of $277,455.00. (Cf. 90-day letter, Ex. 2). On May 31, 1963 the plaintiff paid the full amount of the deficiency, together with interest in the amount of $58,676.03, a total of $336,-131.03. (Cf. Para. 13 of defendant's answer.) The plaintiff then brought this action to recover the assessment.

■ The apparent basis for the Government's earlier resistance to the plaintiff's attempted election to report the sale under the installment method is the contention that the election was not timely. The statute under which the taxpayer purported to act, 26 U.S.C.A. § 453, reads:

"(a) Dealers in personal property.—Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price.

"(b)  *  *  *

"(1) General rule.—Income from—

"(A)  *  *  *

"(B) a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year) for a price exceeding $1,000,

may (under regulations prescribed by the Secretary or his delegate) be returned on the basis and in the manner prescribed in subsection (a)."

At the time of the sale no regulations had been promulgated under the authority of this section. However, on September 17, 1958 (shortly after the sale and well before the time for filing a return for that year), the following regulation was issued:

"1.453–8.  Requirements for adoption of or change to installment method

*    *    *    *    *    *

(b) Sales of real property and casual sales of personal property. (1) A taxpayer who sells or otherwise disposes of real property, or who makes a casual sale or other casual disposition of personal property, and who elects to report the income therefrom on the installment method must set forth in his income tax return (or in a statement attached thereto) for the year of the sale or other disposition the computation of the gross profit on the sale or other disposition under the installment method. In any taxable year in which the taxpayer received payments attributable to such sale or disposition, he must also show in his income tax return the computation of the amount of income which is being reported in that year on such sale or other disposition."

There is nothing in either the statute or the regulation which explicitly states that the election must be made on the original return and may not be made on an amended return. There is nothing in the precedents under the corresponding section of the 1939 code [1] and the corresponding regulation [2] under that section which would support the Government's position. On the contrary, the overwhelming weight of authority under the 1939 Code permitted the exact action which the taxpayer sought to take in this case. Scales v. Commissioner, 211 F.2d 133 (6th Cir. 1954); United States v. Eversman, 133 F.2d 261 (6th Cir.

---

1. Int.Rev.Code of 1939, § 44.

2. U.S. Treasury Regs. 118 § 39.44–3.

1943); Baca v. Commissioner, 326 F.2d 189 (5th Cir. 1964); Hornberger v. Commissioner, 289 F.2d 602 (5th Cir. 1961); Stouffer v. United States, 225 F.Supp. 965 (S.D.Ohio 1962). If we were concerned with the old statute and the old regulations, we would be compelled to follow the clear directive of our reviewing court and recognize the right of the taxpayer to elect on an amended return.

We can see no appreciable difference in the language of Section 453 of the 1954 Code, which would support the notion that Congress intended to redirect the flow of authority. Whatever doubts might have been entertained were effectively quashed by a scholarly dissertation by Judge Drennen of the Tax Court in Reaver v. Commissioner, 42 T.C. 72 (April 13, 1964). In that case the taxpayers had sold some real estate in 1958 and received partial payment therefor, which they included as gross receipts from their business in their joint return for 1958. Internal Revenue Service conducted an audit and determined that the entire gain on the sale of the property was taxable as a long term capital gain for the year 1958. Thereafter the taxpayers filed an amended return reporting the sale as a capital transaction and electing to report the gain on the installment method. The Government resisted this maneuver and claimed that the election should have been made on the original return and could not be made on the amended return. The Court carefully analyzed the precedents and principles involved and correctly concluded that the taxpayers were entitled to report the sale on the installment method on their amended return. In the face of this authority the Government has apparently abandoned this tack now that the plaintiff has moved for summary judgment. Now, in an almost contemptuous token of resistance, the Government insists that there exists a "genuine issue as to a material fact" because in Paragraph 14 of its answer the Government has denied that the transaction was a sale.

Preliminarily, it is clear that a mere paper denial is insufficient to raise an issue of fact against a motion for summary judgment if the movant has adduced otherwise uncontroverted favorable evidence on that issue. In this case the plaintiff has shown that the Internal Revenue Service insisted that the transaction was a sale. (Cf. Ex. 1). The plaintiff has shown that it acquiesced in this determination so that at the time the amended return was made both parties were in complete agreement that the transaction was a sale. So the Government cannot say that the taxpayer has offered no evidence that the transaction was a sale; on the contrary, the taxpayer has offered excellent evidence—the official opinion of the Government's own agents. Inasmuch as the defendant did not support its one-page brief with any contrary evidence in opposition to this motion, the evidence of the plaintiff stands uncontroverted and is sufficient to support the motion. So, from a purely procedural standpoint, the Government cannot be said to have raised an issue of fact by a mere denial in the answer.

Indeed, for the Government to attempt to raise the question now in resistance to a motion for summary judgment is a sham of incredible proportion. The sole reason for the assessment of the deficiency was the determination by the Government that the transaction was a sale. The sole reason for the payment of the tax was the determination by the Government that the transaction was a sale. The sole reason for this lawsuit was the determination by the Government that the transaction was a sale.

Therefore, we must conclude that Paragraph 14 of the defendant's answer is not made in good faith and is insufficient to raise an issue of fact.

Plaintiff's Motion for Summary Judgment is granted.