Edwin O. BOOKWALTER, District Director of Internal Revenue, Appellant,

v.

Joe and Imogene MAYER, Appellees.

Edwin O. BOOKWALTER, District Director of Internal Revenue, Appellant,

v.

Joe MAYER, Administrator, Estate of Edith Mayer, Appellee.

Nos. 17660, 17661.

United States Court of Appeals
Eighth Circuit.

April 30, 1965.

Loring W. Post, Attorney, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Lee A. Jackson and Melva M. Graney, Attorneys, Dept. of Justice, Washington, D. C., and F. Russell Millin, U. S. Atty., and William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellant.

J. J. Thyson, St. Louis, Mo., for appellees.

Before VAN OOSTERHOUT and MATTHES, Circuit Judges, and YOUNG, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by the Government from a final judgment of the District Court in favor of plaintiffs Joe and Imogene Mayer for $19,032.85 and Joe Mayer, Administrator of the Estate of Edith Mayer for $1,245.34 for refund of 1958 income taxes found to have been erroneously assessed to and paid by such taxpayers. The actions were commenced separately, were consolidated in the trial court, and here. The issues of law and fact in each case are identical. Timely claims for refund were filed and all jurisdictional requirements have been met. Plaintiffs in this opinion will be jointly referred to as taxpayers.

The facts are not in dispute. Taxpayers sold real estate in which they were jointly interested on August 21, 1958, for $240,000. No payment on the sale was either due or made in 1958. Payment was to be made in installments of $1,000 per month commencing in January, 1959. Prior to the sale, taxpayers had some ten conferences with revenue agents for the purpose of obtaining advice as to how to handle the sale so as to obtain the benefit of installment sale treatment. They were not advised that it was necessary for them to make an election in their 1958 return. Taxpayers filed their 1958 income tax returns with the proper collector on April 14, 1959. No report of the real estate sale or tax computation with respect thereto or election to treat the profits of sale on the installment basis was incorporated in or submitted with the 1958 return as originally filed.

In July, 1959, upon audit of the 1958 returns, the Government determined that the taxpayers had lost their right to treat the sale upon an installment basis by reason of their failure to report such sale and make an installment payment election in their original 1958 return as required by Treasury Regulations for Income Tax, 1954 Code, § 1.453–8(b), which reads:

"(1) A taxpayer who sells or otherwise disposes of real property, or who makes a casual sale or other casual disposition of personal property, and who elects to report the income therefrom on the installment method must set forth in his income tax return (or in a statement attached thereto) for the year of the sale or other disposition the computation of the gross profit on the sale or other disposition under the installment method. In any taxable year in which the taxpayer receives payments attributable to such sale or other disposition, he must also show in his income tax return the computation of the amount of income which is being reported in that year on such sale or other disposition."

The Government concedes that the taxpayers would be entitled to report their profit from the sale upon the installment basis pursuant to § 453(b), I.R.C.1954, if there has been compliance with the regulation just discussed. Thus the problem here presented is largely one of interpretation of Regulation 1.453–8(b).

There has been some change in position of the parties hereto since this case was tried in the District Court. Originally, taxpayers in addition to presenting the interpretation issue challenged the va-

lidity of the regulation. On brief, they state: "Regulation Section 1.453–8(b) is valid, if it is applied in accordance with the plain meaning of its words in the context in which they are used." Upon oral argument, we were specifically advised that the validity issue has been abandoned. We observe that the Tenth Circuit in Ackerman v. United States, 10 Cir., 318 F.2d 402, upheld the validity of the regulation.

The Government initially took the position that the election required must be made in a timely return. In reply brief after discussing Baca v. Commissioner of Internal Revenue, 5 Cir., 326 F.2d 189, and F. E. McGillick Co. v. Commissioner of Internal Revenue, 42 T C. 1059, the Government states: "Although these decisions (Baca and McGillick) did not involve the particular Regulation we are dealing with here (Sec. 1.453–8(b)), nevertheless they are persuasive and we will therefore no longer urge that an election must necessarily be made in a timely filed return."

■ ■ The Government's first brief point reads: "There is no adequate basis for the application of the doctrine of estoppel in the instant case." We agree that a decision for the taxpayers cannot rest upon estoppel. This is true for many reasons, detailed discussion of which appears unnecessary. It is sufficient to say that no false or fraudulent representations were made to the taxpayers by any Government agent. The discussions with the revenue agents relied upon took place in July and August, 1958, prior to the adoption of Regulation 1.453–8(b). Moreover, it is well-established law that the Government is not bound by an erroneous interpretation of the law made by a subordinate agent. Automobile Club of Michigan v. Commissioner of Internal Revenue, 353 U.S. 180, 183–84, 77 S.Ct. 707, 1 L.Ed.2d 746; Wilber National Bank v. United States, 294 U.S. 120, 123–24, 55 S.Ct. 362, 79 L.Ed. 798; Massaglia v. Commissioner of Internal Revenue, 10 Cir., 286 F.2d 258, 262.

■ Our determination that the trial court's decision cannot be affirmed upon estoppel does not end the case. "A successful party in the District Court may sustain its judgment on any ground that finds support in the record." Jaffke v. Dunham, 352 U.S. 280, 281, 77 S.Ct. 307, 308, 1 L.Ed.2d 314; Thorndal v. Smith, Wild, Beebe & Cades, 8 Cir., 339 F.2d 676, 679.

Taxpayers contend that the regulation does not compel them to make the installment election in a timely return and that there is nothing in the regulation to preclude the making of the election by an amendment to the return under appropriate circumstances. Consideration of such issue results in no surprise or unfairness to the Government. In reply brief, the Government states: "It may be that taxpayer is in reality contending that the agents abused their discretion in telling him that an amended return would not be accepted. But there can be no abuse of discretion in refusing to deviate from a valid Regulation."

The Government now concedes that an election does not have to be made in a timely return but argues that if a timely return is made with which the required statement is not included, taxpayers cannot thereafter elect to have the gain taxed by the installment method. It is conceded taxpayers made no election in their 1958 return. Thus, this is not a case in which a taxpayer elects to report a sale on some method and then attempts to change his election, which he is prohibited from doing. See Pacific Nat'l Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282.

The Commissioner agrees that the taxpayers complied with all requirements for an installment of sale except the making of a timely election. Under the Commissioner's reasoning, if no return is filed in the year of sale the taxpayer in a subsequent year may elect the installment method but if he files a return in the year of sale in which nothing is reported concerning the same, he may not file an amended return electing the installment method. Thus by silence, taxpayer forfeits his right to make an election.

We have found but two cases interpreting Regulation 1.453–8(b) with respect to the issue confronting us. Both have held that the return containing the election need not be timely and that an amended return is sufficient. The Tax Court considered this issue in Reaver v. Commissioner, 42 T.C. 72, reviewed by the Court. There partial payments from the sale of real property were entered by taxpayers on their books as business income and subsequently similarly reported in their income tax return. Thereafter, an amended return was filed in which taxpayers elected to report the gain on the installment basis. The Commissioner argued that the taxpayers having failed to elect to report their profits on the sale on the installment basis on a timely return filed for the year 1958, forfeited their right to elect the installment basis. Such contention was rejected by the Tax Court, the Court stating:

> "The Commissioner has been given rather broad rule-making authority by section 453 and it would seem that if he considered it to be a reasonable and valid requirement under the statute that an affirmative election to use the installment method be made in an original and timely filed return for the year of sale, he would so provide in his regulation." 42 T.C. 72, 80.

In The Glidden Co. v. United States, N.D.Ohio, 241 F.Supp. 195, the taxpayer transferred land and reported the transaction as a lease with an option to purchase, including the income on its return as rental income. Upon audit, the Commissioner determined that the transfer was a sale and proposed a deficiency. Taxpayer thereupon attempted to amend his return, conceding that the transfer was a sale, but electing to report the gain on the installment basis. Taxpayer's motion for summary judgment was granted by the District Court. In finding that the election could be made in an amended return, the court commented:

> "If we were concerned with the old statute and the old regulations, we would be compelled to follow the clear directive of our reviewing court and recognize the right of the taxpayer to elect on an amended return. We can see no appreciable difference in the language of Section 453 of the 1954 Code, which would support the notion that Congress intended to redirect the flow of authority." 241 F.Supp. at 197.

We believe the foregoing decisions are based upon sound reasoning. That the Commissioner knows how to use apt language to compel an election in an original return is illustrated by the phraseology used in Regulation 1.453–8(a) relating to dealers in personal property, which provides that the election "must be made on an income tax return for the taxable year of the election, filed on or before the time specified (including extensions thereof) for filing such return." Such language is very different from the language in the regulation here pertinent, as hereinabove set out.

■■ In Hanover Bank v. Commissioner of Internal Revenue, 369 U.S. 672, 687, 82 S.Ct. 1080, 1089, 8 L.Ed.2d 187, the Supreme Court states: "A firmly established principle of statutory interpretation is that 'the words of statutes —including revenue acts—should be interpreted where possible in their ordinary, everyday senses.' " See Municipal Bond Corp. v. Commissioner, 8 Cir., 341 F.2d 683 (Feb. 18, 1965). Manifestly, the same rule applies to tax regulations.

■ We hold that there is no language in the statutes or in Regulation 1.453–8 (b) which compels the installment election in the original return and forecloses the use of an amended return under appropriate circumstances.

As we read the Government's brief, it does not challenge the taxpayers' claim that they did all in their power to amend the 1958 return in the summer of 1959. The Government states:

> "The taxpayer's offer to file a statement out of time (R. 48), which was not accepted, is of no significance. The belated filing of the required statement would operate to

undermine the essential requirement of the regulation that the installment sale and computation be disclosed and submitted in or with the return for the year of sale. There is no statute or regulation permitting the filing of an amended return in such circumstances, and the Internal Revenue Service did not err in refusing to permit it."

Joe Mayer, as a witness, testified that immediately after he learned the Government was taking the position that he was not entitled to installment treatment because he had not made an election in his original return, that he and his accountant had on two occasions consulted the revenue agents and offered to amend the return, and in fact supplied the Government with full and complete information; that he was told by the revenue agents that an amendment could not be accepted because "after the return was filed, it was impossible to make any other declarations or file any other information." The trial court in its opinion states:

"The taxpayer has made a good faithful attempt to comply with the regulations, and has offered to make an election to have the sale treated as an installment sale. The Government knew through its agents that the taxpayer desired to have installment treatment and also knew of the terms and conditions of the sale through the conferences had with the taxpayer and through the reports of the transaction carried on the front page of the Jefferson City paper."

■ We hold that under the record before us the offer of an amended return is the equivalent to filing such amendment. See Thorndal v. Smith, Wild, Beebe & Cades, 8 Cir., 339 F.2d 676, 679; Milton v. United States, 5 Cir., 105 F.2d 253, 255.

■ The use of an amendment to taxpayers' returns is quite common. If the taxpayers had sought to amend their 1958 return to incorporate therein as taxable the entire profits from the sale of the real estate, it is fair to assume that such amendment would have been welcomed. The allowance of an amendment to an income tax return ordinarily rests within the discretion of the Commissioner. Generally, a liberal policy is permitted in allowing amendments. J. E. Riley Inv. Co. v. Commissioner of Internal Revenue, 311 U.S. 55, 58, 61 S.Ct. 95, 85 L.Ed. 36; Klinghamer v. Brodrick, 10 Cir., 242 F.2d 563; C. H. Mead Coal Co. v. Commissioner of Internal Revenue, 4 Cir., 106 F.2d 388, 391; Morrow, Becker & Ewing, Inc. v. Commissioner of Internal Revenue, 5 Cir., 57 F.2d 1, 2; Stewart v. United States, D.C.Neb., 100 F. Supp. 221, 229.

■ The Commissioner's action in rejecting an amendment can be overturned where the Commissioner has abused his discretion. C. H. Mead Coal Co. v. Commissioner, supra; Morrow, Becker & Ewing, Inc. v. Commissioner, supra.

In Mead Coal Co., the court states:

"If an amendment made to correct a mistake, presented within a reasonable time, is rejected through a narrow and harsh construction of the law, to the detriment of the taxpayer, such rejection is arbitrary and unjust. It certainly is not the duty of the Commissioner to deprive a taxpayer of any rights justly due him." 106 F.2d 388, 391.

In our present case, the only reason assigned for refusing the amendment was the Commissioner's view of the law that no amendment could be permitted. We have held such view to be erroneous.

■ There is no question about taxpayers' good faith in this transaction and his desire to comply with all applicable laws and regulations. The regulation here involved was a new one concerning which the taxpayers had no actual knowledge. At the time of the sale, they had frequent visits with the revenue agents for the purpose of securing information to enable them to protect their right to installment treatment. No unreasonable delay is involved here and no prior incon-

sistent position has been taken by the taxpayers. The Commissioner does not contend that the filing of the original return constituted an election. It appears beyond question that no prejudice has resulted to the Government by reason of the slight delay in filing the amendment. While what the court said in its attempt to support the judgment on an estoppel theory does not support the judgment upon the basis of estoppel, such findings do clearly demonstrate the court's view that the taxpayer acted at all times in complete good faith. We conclude that the Commissioner abused his discretion in refusing to accept the amendment to the return. By the amendment, the taxpayers came into full compliance with the regulation and hence they were entitled to the benefit of installment treatment of the profits realized from the real estate sale.

The judgment is affirmed.