J. W. YOUNGBLOOD et ux.

v.

UNITED STATES of America.

Civ. A. No. A–69–CA–7.

United States District Court,
W. D. Texas,
Austin Division.

April 1, 1974.

John Gano, Jamail & Gano, Houston, Tex., for plaintiffs.

Larry Ross, U. S. Dept. of Justice, Tax Div., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

The plaintiffs filed this suit to compel the government to allow an amendment to their 1963 tax return in order to change the method of reporting certain land sales. The taxpayers wish to report the complete capital gains from those sales in their 1963 return rather than using the installment method of reporting the gains.

At the trial the following facts were established. The plaintiffs hired a tax attorney to handle all their tax matters. This attorney filed the 1963 tax return of the plaintiffs in November 1964, one month after the six month extension granted to the plaintiffs had expired. The attorney, as had been done previously, reported in the 1963 return the sale of certain tracts of land as installment sales. Since the plaintiffs had suffered a business loss of $275,029.00 in their farming operations in 1963, the installment method proved to be an unwise choice because the plaintiffs could have offset much of their capital gains from the land sales with the business loss in 1963. As a result plaintiffs estimate that they have had to pay approximately $100,000.00 more in taxes than they would have paid if the installment method had not been used.

Plaintiffs offer three arguments to support their right to amend their return. Firstly they contend that there could be no election to report the income on the installment basis because the return was not timely filed. Plaintiffs contend that Rev.Rul. 93, 1953–1 Cum. Bull. 82, which was in effect at the time, precluded the government from accepting the taxpayer's installment election. Rev.Rul. 93 provided that an election to report the sale of property on the installment basis must be exercised on a timely filed income tax return.

Secondly plaintiffs contend that even if the election were properly allowed, the election was not valid because the plaintiffs had no knowledge that the election was being made nor did they know the consequences of making the election. Plaintiffs claim in effect that the election must be knowingly and intentionally made by the taxpayers, themselves.

Thirdly plaintiffs assert that the government's refusal to allow the amendment was arbitrary and capricious. They contend that an honest mistake by a taxpayer should be allowed to be corrected within a reasonable period of time.

The Court concludes that the plaintiffs contentions are without merit for the following reasons.

The well-established rule is that once a taxpayer has made an election, he

can not later change his mind. Pacific National Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282 (1938); Commissioner of Internal Revenue v. Saunders, 131 F.2d 571 (5th Cir. 1942). The Court is of the opinion that Rev.Rul. 93 does not preclude the government from accepting plaintiffs' election to use the installment method of reporting. The government, perhaps because the plaintiffs' delay in filing was brief or because they had asked for another extension of time in which to file the return, did not treat the 1963 return as a late return. No late penalty charge was imposed. The Court is of the opinion that Rev.Rul. 93 places a limitation on the right of the taxpayer to elect to use the installment method and not on the government to accept a late return. The Court finds that under the circumstances it was not an abuse of discretion for the government to accept the late return and the election contained therein.

Secondly the requirement of timely filing was struck down by several courts as imposing a penalty not authorized by the statutes. Baca v. Commissioner of Internal Revenue, 326 F.2d 189 (5th Cir. 1964); Bookwalter v. Mayer, 345 F.2d 476 (8th Cir. 1965). The Commissioner formally revoked Rev.Rul. 93 in Rev.Rul. 65–297. Since the government had no authority to require that the return be timely filed in order to exercise the election, the plaintiffs can not enforce Rev. Rul. 93 against the government in the absence of any reliance on that ruling. It would be a different matter, for example, if plaintiffs had failed to make the election because they thought they were barred by Rev.Rul. 93 since their return was late. In the hypothetical there would be reliance on the ruling at the time of filing the return. In the case at hand there was clearly no reliance on Rev.Rul. 93 when the plaintiffs reported the income on the installment method since the ruling on its face appeared to preclude such action.

■ Plaintiffs' second contention is that the election is invalid because the plaintiffs, themselves, did not fully realize that an election was being made nor the consequences of such an election. The essential element for a valid election is that there be a manifestation of choice as shown by some overt act. Mertens, Law of Federal Income Tax, 60.19 (1973). The filling out of the 1963 return to reflect the installment method of reporting the gain clearly is such an overt act. The plaintiffs' contention that they, themselves, must personally have knowledge of the election is without merit. The tax expert who filled out the 1963 return was an agent for the plaintiffs, and his acts are their acts in the absence of fraud. Since the plaintiffs hired the tax expert, they certainly could have had him explain the entire return to them if they wished. It is obvious that the tax system could not work if the taxpayer could hire an expert to fill out his return and then evade being bound by that return by claiming ignorance of the tax decisions made by the expert.

The fact that plaintiffs may have been unaware of the tax consequences of the election is also irrelevant. An oversight, an error of judgment, or unawareness of the tax consequences does not lessen the binding character of an election. Mertens, Law of Federal Income Tax, § 60.19 (1973).

■ Plaintiffs' final point is based on the case of C. H. Mead Coal Co. v. Commissioner of Internal Revenue, 106 F.2d 388 (4th Cir. 1939). In that case the Court stated that an amendment to a tax return should have been allowed when the taxpayer had no knowledge that an already declared election had to be repeated, the mistake was an honest, inadvertent one, and the amendment was offered within a reasonable time. 106 F.2d at 391. The Court is of the opinion that this case is distinguishable from the case at hand. In the *Mead* case much emphasis was placed on the fact that there had been "radical changes in the law, of which the petitioner had scant notice." 106 F.2d at 391. Secondly the Court stated that the particular statute, involving depletion

provisions, was to be construed liberally towards the taxpayer, and the construction of the law by the government in denying the amendment was harsh and narrow. Additionally the taxpayer in the *Mead* case filed his amended return within one year while the plaintiffs did not file their amended return for four years. The equitable considerations found in the *Mead* case are not present in the case at hand. Thus the Court finds that the government was not arbitrary and capricious in refusing to allow the plaintiffs' amendment to their 1963 tax return. It is accordingly

Ordered, adjudged and decreed that plaintiffs' prayer to compel the government to allow an amendment to their 1963 tax return be, and hereby is, denied and that the judgment be entered for the defendant. This opinion shall constitute findings of fact and conclusions of law.