ROBERT F. KOCH and EVELYN C. KOCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koch v. Commissioner
Docket No. 8898-76.
United States Tax Court
T.C. Memo 1978-271; 1978 Tax Ct. Memo LEXIS 238; 37 T.C.M. (CCH) 1167; T.C.M. (RIA) 78271; July 24, 1978, Filed J. Robert Walsh, for the petitioners. Joyce H. Errecart, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' joint 1973 Federal income tax of $ 1,379. The total amount of tax in dispute is $ 21,937. [1] Because of concessions, the only issue presented is whether petitioners, by amended return (filed more than a year later), may elect the installment method of reporting gain from the sale of a capital asset, after having reported that gain in full on their original return. See section 453(b), I.R.C. 1954. All of the facts have been stipulated. *239 Petitioners Robert F. Koch and Evelyn C. Koch, husband and wife, resided in Bethesda, Maryland, at the time their petition in this case was filed. Pursuant to applications for extensions, approved by the Internal Revenue Service, of the time for filing their 1973 return, petitioners on October 15, 1974, filed their joint Federal income tax return for the taxable year 1973 with the Philadelphia Service Center of the Internal Revenue Service. On January 23, 1976, petitioners filed with the Philadelphia Service Center an amended return for the taxable year 1973. The notice of deficiency was mailed to petitioners on September 7, 1976. Prior to July 12, 1973, petitioner Robert F. Koch owned a 5.9914 percent interest as a Class A partner in the Spring Lake Apartments Limited Partnership (the "Partnership"), and petitioner Evelyn C. Koch owned a 0.7413 percent interest as a Class A partner in the Partnership. On July 12, 1973, petitioners sold their interests in the Spring Lake Apartments Limited Partnership, and realized gain on the sale in the amount of $ 253,564. They received in 1973 cash of $ 12,455 and notes for the balance of the purchase price in conformity with the terms *240 of the purchase agreement under which the Spring Lake Development Corporation purchased the interests of all of the partners of the Partnership. In their original 1973 return, filed October 15, 1974, petitioners reported the entire gain on the sale of their Partnership interests as long-term capital gain. Their return showed a net loss, but further showed a tax of $ 20,558 resulting from the application of the minimum tax on items of tax preference income, including the gain on the sale of their Partnership interests. In their amended 1973 return, filed January 23, 1976, petitioners elected to report the gain from the sale of their Partnership interests on the installment method, and therefore reported as capital gain in 1973 only $ 18,251, representing the cash payments received in 1973 plus their negative Partnership capital account balance of $ 5,796. The Commissioner, in his notice of deficiency, determined that petitioners had a net loss in 1973 but that there was nonetheless a deficiency of $ 1,379 in petitioners' minimum tax on their tax preference income, including therein the entire gain on the sale of their Partnership interests. The petitioners have conceded the correctness *241 of the Commissioner's calculations in respect of their minimum tax, and the only issue is whether petitioners must include in their 1973 income the entire amount of their gain on the sale of the Partnership interests. [2]
Section 453(b), I.R.C. 1954, provides that a taxpayer may elect to report gain on the casual sale of personal property on the installment method, rather than reporting the gain in full in the year of sale. The election is to be made in conformance with regulations prescribed by the Secretary of the Treasury or his delegate, and the regulations governing the election of the installment method of reporting gains on casual sales of personal property appear at section 1.453-8, Income Tax Regs.[3] There is here no question that petitioners were entitled to elect the installment method of reporting their capital gain on the sale of their Partnership interests. Moreover, there is no question that the election made in their amended 1973 return complied in form with *242 the Commissioner's regulations. The Commissioner argues, however, that the petitioners elected on their original 1973 return to report the gain on the sale of their Partnership interests in full in 1973, and that such election is binding and may not be altered by means of an amended return. *243 This precise issue has been litigated on several occasions and has been resolved against the position of the petitioners by both this Court and the Supreme Court of the United States. There is now no question that by reporting gain in full in an original tax return and calculating his tax accordingly, a taxpayer makes an election to report the gain in that manner and not according to the installment method set forth by section 453. Pacific National Co. v. Welch, 304 U.S. 191, 194-195; United States v. Kaplan, 304 U.S. 195; Jacobs v. Commissioner,224 F. 2d 412, 414 (C.A. 9); Marks v. United States, 98 F. 2d 564, 567 (C.A. 2), cert. denied 305 U.S. 652; Pollack v. Commissioner, 47 T.C. 92, 111-113, affirmed on other grounds, 392 F. 2d 409 (C.A. 5); Vischia v. Commissioner, 26 T.C. 1027, 1029. And it has long been established that an election to report gain on the installment method or by another permissible method, once made, is irrevocable. Pacific National Co. v. Welch, supra, 304 U.S. at 194-195; United States v. Kaplan, supra, 304 U.S. 195; *244 Jacobs v. Commissioner, supra, 224 F. 2d at 414 (C.A. 9); Marks v. United States, supra, 98 F. 2d at 567 (C.A.2); Pomeroy v. Commissioner, 54 T.C. 1716, 1723; Pollack v. Commissioner, supra, 47 T.C. at 112-113; Vischia v. Commissioner, supra, 26 T.C. at 1029-1030; Youngblood v. Commissioner, 388 F. Supp. 152 (W.D. Tex.), affirmed per curiam 507 F. 2d 1263 (C.A. 5); Woodward v. United States, 322 F. Supp. 332 (W.D. Va.), affirmed per curiam 445 F. 2d 1406 (C.A. 4). As we said in Pollack, supra, 47 T.C. at 112-113: Although petitioners would have been entitled to utilize the installment method of reporting, they elected otherwise, and their attempt to take advantage of that method now comes too late. They may not undo what they have done. Pacific National Co. v. Welch, 304 U.S. 191; United States v. Kaplan, 304 U.S. 195. This case is unlike the situations and decisions dealt with in Rev. Rul. 65-297, 1965-2 C.B. 152 (see also T.I.R. 756, Aug. 24, 1965), *245 where there was a failure to make any election in the original return; nor is it like the situation where the election that the taxpayer attempted to make was not open to him. Cf. Mamula v. Commissioner, 346 F. 2d 1016 (C.A. 9), reversing 41 T.C. 572. Here, petitioners did make an available election on their original return. They could have selected either the installment method or the method that they actually used. Having thus made that election they may not now reverse such action. [Fn. ref. omitted.] We think the same applies to petitioners here. Petitioners seek to overcome the clear authority adverse to their position by relying on certain changes made in 1963 to section 1.453-8 of the regulations. [4]Section 1.453-8(a), as originally adopted in 1958, read as follows: Section 1.453-8 Requirements for Adoption of or Change to Installment Method.--(a) Dealers in personal property.--(1) Adoption of installment method.--A taxpayer who adopts the installment method of accounting in the first taxable year in which he makes installment sales must indicate in his income tax return for that taxable year that the installment method *246 of accounting is being adopted. (2) Change to installment method.--* * * See T.D. 6314, 1958-2 C.B. 160, 170. By T.D. 6682, 1963-2 C.B. 197, 206, section 1.453-8(a) was amended to read as follows: Section 1.453-8 Requirements for Adoption of or Change to Installment Method.--(a) Dealers in personal property.--(1) Time for election.--An election to adopt or change to the installment method for a type or types of sales must be made on an income tax return for the taxable year of the election, filed on or before the time specified (including extensions *247 thereof) for filing such return. For a taxable year ending before October 31, 1963, the reporting of sales under a revolving credit plan on the installment method on a return for such year constitutes an election to report that type of sale on the installment method, even though no specification was made of the type or types of sales for which the election was made. (2) Adoption of installment method.--A taxpayer who adopts the installment method for the first taxable year in which he makes sales on the installment plan of any kind must indicate in his income tax return for that taxable year that the installment method of accounting is being adopted and specify the type or types of sales included within such election. * * * (3) Change to installment method.--* * * Section 1.453-8(b), dealing with sales of realty and casual sales of personal property, was not amended in 1963, nor has it been amended since its original adoption in 1958. [5] See T.D. 6314, 1958-2 C.B. 160, 170. Petitioners argue in respect of the 1963 amendments to section 1.453-8(a), that they imposed for the first *248 time the concept of an affirmative election of the installment method, that such concept was imposed with respect to all installment sales, including those subject to section 1.453-8(b) of the regulations as well as those subject to section 1.453-8(a), and that, because of this change in the nature of the election required by the regulations, cases decided under the law existing prior to 1963 are no longer relevant authority. We do not agree. In the first place, the 1963 amendments made no change to the language of section 1.453-8(b), which controls this case, while they made substantial changes in the language of section 1.453-8(a). This suggests to us, contrary to petitioners' assertion, that the requirements applicable to sales of realty and casual sales of personal property remained unchanged before and after the 1963 amendments. Furthermore, the situations of dealers and casual sellers are substantially different. While an election by a casual seller relates to a single, isolated transaction, elections by dealers relate to numerous transactions and succeeding taxable years. And indeed, the 1963 amendments were directed at resolving a problem, namely, the problem of *249 revolving credit plans, which had arisen specifically in the context of dealers in personal property. See T.D. 6682, 1963-2 C.B. 197, 198. We see no reason, therefore, to assume that the Treasury intended also to change the rules applicable to sales of realty and casual sales of personal property. And finally, we note that petitioners' argument is not entirely consistent. They would have us infer an amendment to section 1.453-8(b) changing the nature of the required election, simply because such an amendment was made to section 1.453-8(a), but they would not have us impose on section 1.453-8(b) the requirement, added to section 1.453-8(a), that an election be made on a timely filed return. [6] In sum, therefore, even assuming that the 1963 amendments altered the nature of the election required of dealers in personal property, we cannot accept petitioners' conclusion that the decisions of the Supreme Court in Pacific National Co. and its progeny have been sapped of their vitality with respect to elections by sellers of realty and casual sellers of personal property. *250 Petitioners also argue that section 453, properly interpreted, does not support the position of the Commissioner here. They characterize section 453 as a provision for the relief of taxpayers, and indeed the installment reporting provisions came into the law in part to aid taxpayers who might otherwise be forced to pay more tax on a reported gain than their actual receipts in the year of the transaction. Petitioners argue, from this premise, that its provisions should be available to all taxpayers whose transactions fall within the definition of "installment sales", except insofar as application of the installment sales provisions would jeopardize the Federal revenues -- as, for instance, where a statute of limitations bars assessment of tax in related years. Cf. Marks v. United States, 18 F. Supp. 911, 912 (S.D.N.Y.). The Supreme Court of the United States, however, in Pacific National Co. v. Welch, supra, 304 U.S. at 194, underscored another factor relevant to the application of section 453: Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and *251 impose burdensome uncertainties upon the administration of the revenue laws. It may be, as counsel for the petitioners has argued, that the administrative burdens imposed would be far less now, in this computer age, than in 1938 when Pacific National Co. was decided. But we are not at liberty to ignore a judgment of the United States Supreme Court which clearly controls the decision in this case. Decision will be entered for the respondent. Footnotes
1. Petitioners' original 1973 return showed tax liability in the amount of $ 20,558. Between April 18, 1975, and September 29, 1975, petitioners allegedly paid a total of $ 3,000.53 on their 1973 tax liability. Subsequently petitioners filed an amended 1973 return showing no tax due and claiming a refund of $ 3,000.53 for tax already paid. Their petition alleges that the entire $ 21,937 ($ 20,558 plus the deficiency of $ 1,379) is in dispute. If petitioners were to prevail here, a Rule 155 computation would be necessary.↩
2. The petitioners have not conceded all the adjustments in the notice of deficiency, but the parties are agreed that the adjustments still unconceded have no effect on petitioners' 1973 tax liability.↩
3. The regulations provide, in pertinent part: Sec. 1.453-8 Requirements for adoption of or change to installment method. * * *
(b) Sales of real property and casual sales of personal property. (1) A taxpayer who sells or otherwise disposes of real property, or who makes a casual sale or other casual disposition of personal property, and who elects to report the income therefrom on the installment method must set forth in his income tax return (or in a statement attached thereto) for the year of the sale or other disposition the computation of the gross profit on the sale or other disposition under the installment method. In any taxable year in which the taxpayer receives payments attributable to such sale or other disposition, he must also show in his income tax return the computation of the amount of income which is being reported in that year on such sale or other disposition. The regulation has been specifically upheld. Ackerman v. United States, 318 F. 2d 402, 404↩ (C.A. 10).
4. The regulations under section 453 of the 1954 Code were first adopted pursuant to T.D. 6314, 1958-2 C.B. 160. Pacific National Co. v. Welch, supra, United States v. Kaplan, supra, Jacobs v. Commissioner, supra, Marks v. United States, supra, and Vischia v. Commissioner, supra, were decided under provisions of prior law, but petitioners have not suggested that those provisions of prior law were altered in any relevant way prior to the 1963 amendments to section 1.453-8↩ of the regulations.
5. For the text of section 1.453-8(b), see footnote 3, supra↩.
6. Petitioners' amended return, on which their election to report on the installment basis was made, was not filed within the period prescribed by section 1.453-8(a)↩, as amended in 1963.