ALBERT R. MINCHEW AND MARY E. MINCHEW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Minchew v. Commissioner
Docket No. 10254-78.
United States Tax Court
T.C. Memo 1980-230; 1980 Tax Ct. Memo LEXIS 360; 40 T.C.M. (CCH) 561; T.C.M. (RIA) 80230; June 30, 1980, Filed DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $2,919.73 in petitioners' Federal income tax for the year 1975. The only issue presented for decision is whether the petitioners are entitled to elect on an amended Federal income tax return the use of the installment method under section 453 [1] to report their distributive share of gain realized from the sale of partnership property after first reporting the gain as a closed transaction on their original return, where the partnership originally reported the gain as a closed transaction and later amended its return attempting to elect the installment method. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by this reference. The pertinent facts are set forth *362 below. Albert R. Minchew and Mary E. Minchew (petitioners) are husband and wife who resided in Vienna, Virginia, when they filed their petition in this case. They filed their joint Federal income tax return for 1975 with the Internal Revenue Service Center at Memphis, Tennessee. At all times relevant to this case Albert Minchew owned a 51 percent interest in a partnership known as Colvin Associates. During 1975 Colvin Associates sold 15.272 acres of real property which it owned, realizing a gain of $108,377.50. On its original partnership return of income for 1975 Colvin Associates did not elect to report the sale on the installment method under section 453, but instead reported the entire gain as a closed transaction. Petitioners' distributive share of the gain from the sale was $55,272.52. It was reported by them as long-term capital gain. They combined this figure with other gains and reported total long-term capital gains of $73,740.52 for the year 1975. When respondent audited their 1975 return, an adjustment was made pursuant to section 163(d). As a result of this adjustment, the respondent increased their reported ordinary income by $11,831.57 and decreased their *363 reported long-term capital gains by $5,915.79. This adjustment gave rise to the deficiency determined by the respondent in his statutory notice dated June 8, 1978. When the petitioners learned of the audit adjustments made to their 1975 return, they decided that it would be more advantageous to report the gain from the partnership sale on the installment method under section 453. To accomplish this, Colvin Associates filed an amended partnership return of income for 1975 on December 30, 1976, electing the installment method to report the gain realized on the sale of the partnership's real property. On January 5, 1977, petitioners filed an amended Federal income tax return for 1975, electing to report their distributive share of the partnership capital gain from the above sale on the installment method. In computing the deficiency respondent ignored the petitioners' election of the installment method on their amended return and instead computed the deficiency as though their initial election of the closed transaction method was binding. Petitioners assume that the election of the installment method by Colvin Associates (the partnership) on its amended partnership return is *364 valid. Based on the supposed validity of the partnership's election, they assert the validity of their own election of the installment method on their amended return. In Pacific National Company v. Welch,304 U.S. 191 (1938), the Supreme Court stated the general rule that where a taxpayer elects on his return in the year of sale a valid method other than the installment method of reporting the income from a sale of realty, he is bound by that election and may not file an amended return to elect the installment basis. It reasoned that "[Change] from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws." 304 U.S. at 194. Although petitioners here argue that Pacific National Company was "wrongly decided," this Court and others [2] have followed the "binding election" rule. *365 Two exceptions to the "binding election" rule have evolved. Petitioners contend that either or both apply to them in their individual capacity. We need not address this contention because, for the reasons stated below, we think neither exception is applicable to the partnership. This is because section 703(b) requires elections "affecting the computation of taxable income derived from a partnership" to be made by the partnership. Once the partnership makes the election as to the method of reporting the gain from the sale of the property, each partner's distributive share for determination of income tax is computed by using the partnership-elected method of reporting income from the sale. Section 702(a)(2). Thus, the way an individual must treat his distributive share of partnership income will depend on how the partnership elected to treat it. Here the partnership elected to treat the sale as a closed transaction, and then later attempted to change that election to the installment method. If the installment sale election is not valid, then the partnership's first election of the closed transaction method will be binding and the petitioners have no choice but to report *366 their distributive share on their Federal income tax return as gain from a closed transaction. The Court of Appeals for the Ninth Circuit recognized the first exception to the general "binding election" rule in Mamula v. Commissioner,346 F.2d 1016 (9th Cir. 1965), when it held that gains from the sale of real estate, initially reported under the "cost recovery" method, could be reported on the installment method when it became apparent that the "cost recovery" method was impermissible. It concluded that the taxpayer was not bound by his choice of an impermissible method and, therefore, a subsequent election of the installment method was permissible. In the instant case the partnership's decision to report the gain from the sale as a completed transaction was clearly permissible and therefore binding. As the Court of Appeals stated in Mamula,supra at 1018, "[Once] a taxpayer makes an election of one of two or more alternative methods of reporting income, he should not be permitted to convert, of his own violition, when it later becomes evident that he has not chosen the most advantageous method." Revenue Ruling 65-297, 1965-2 C.B. 152, *367 sets forth the second exception to the "binding election" rule. If, in good faith, the taxpayer failed to elect the installment method on a timely filed original return for the year of sale, the Internal Revenue Service will recognize as valid an election of the installment method on an amended return for the year of sale not barred by the statute of limitations or the operation of any other law or rule of law, if the facts indicate that no election inconsistent with the installment election had been made with respect to the sale. In this regard the petitioners contend that respondent's application of section 163(d) on audit materially altered the nature of the transaction from the sale of a capital asset to the sale of an item of inventory, so that the petitioners have made no election with respect to the sale of such inventory. They argue that the election to fully report the gain from the sale of a capital asset was revoked by respondent's audit changes and, therefore, in the absence of any prior inconsistent election with respect to the transaction, they should have been permitted to make an election to report the income on the installment method. We reject the petitioners' *368 argument because it pertains only to their individual election and not to the partnership's election. The prior inconsistent election made by the partneship was in no way affected, much less revoked, by respondent's audit changes to petitioners' Federal income tax return. Since the partnership initially elected to report the gain as a closed transaction, the exception created by Revenue Ruling 65-297 is not applicable here. The "binding election" rule applies to the partnership's initial election. The final argument made by the petitioners is that the installment method is not a method of accounting and thus decisions prohibiting changes in accounting methods are not applicable to this case. It lacks merit. Pacific National Company v. Welch,304 U.S. 191 (1938), specifically held that a taxpayer electing a valid method of reporting the income from the sale is bound by the election and may not later elect the installment method. See also section 1.446-1(c)(1)(iii), Income Tax Regs.
Accordingly, we hold in these circumstances that the petitioners are not entitled to elect the installment method of reporting their gain from the sale of the real property *369 on their amended return. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise specified.↩
2. See, e.g. Pomeroy v. Commissioner,54 T.C. 1716, 1723 (1970); Pollack v. Commissioner,47 T.C. 92, 112-113 (1966), affd. 392 F.2d 409 (5th Cir. 1968); Mamula v. Commissioner,346 F.2d 1016, 1018↩ (9th Cir. 1965).