T.C. Memo. 1998-234


UNITED STATES TAX COURT


JORGE V. AND CAROL A. GEAGA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13972-97.                    Filed July 1, 1998.


Jorge V. Geaga, pro se.

<u>Roger P. Law</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined a deficiency of
$14,173 in petitioners' Federal income taxes for 1995 and a
penalty of $2,835 under section 6662(a).  All section references
are to the Internal Revenue Code in effect for the year in issue,
unless otherwise indicated.  The issue for decision is whether

petitioners are liable for the penalty as determined by respondent.

FINDINGS OF FACT

Petitioners resided in Los Angeles, California, at the time that they filed their petition. On December 23, 1991, petitioner Jorge V. Geaga (petitioner) wrote to the Department of the Treasury with respect to a notice that he owed Federal income taxes and a penalty for 1990, explaining petitioner's theories why certain items should be deductible notwithstanding contrary legal precedent, and requesting a hearing before a Tax Court judge. Thereafter, petitioner commenced an intensive letter-writing campaign concerning the amounts that he wished to claim as business deductions. Over the years, petitioner's letters became increasingly threatening and accusatory, demanded greater refunds, and repeated his request for a hearing before a Tax Court judge.

Petitioners filed two prior cases in this Court, docket No. 9749-93, with respect to their Federal income taxes for 1990, and docket No. 18569-93, with respect to their Federal income taxes for 1991. The petition in docket No. 9749-93 was filed May 17, 1993. That case was set for trial but was continued on respondent's motion without objection by petitioners. On November 22, 1994, a decision was entered in that case pursuant to a stipulation signed by petitioners. As a result of allowance

of a loss carried back from 1993, the settlement reflected an overpayment for 1990.

The petition in docket No. 18569-93 was filed August 27, 1993. That case was set for trial, but, prior to the trial date, the parties agreed to a settlement. A decision was entered October 28, 1994, pursuant to a stipulation signed by petitioners. The stipulated decision reflected a deficiency of $10,131 for 1991.

After settlement of the cases for 1990 and 1991, disputes between petitioners and the Internal Revenue Service (IRS) continued as a result of collection efforts by the IRS relating to petitioners' liabilities for 1991 and 1992. In February 1996, petitioners prepared their Federal income tax return for 1995. On line 12 of that return, they claimed a $99,000 business loss and inserted "See Appendix A". Petitioners offset their combined wages and salaries income of $124,553.62 with this alleged loss, resulting in a claimed overpayment of $4,764. In "Appendix A", they explained that they were claiming a loss of $49,000 that was disallowed on their 1990 tax return and $50,000 that was disallowed on their 1991 tax return. Attached to their 1995 tax return was a statement dated February 25, 1996, as follows:

> Please note that I have assigned the $4764.00 overpayment for 1995 to pay for the $794.00 1991-1992 ACS plan installments for the payment dates Apr. 1, May 1, June 1, Jul 1, Aug. 1, and Sep 1, 1996. I am sending a copy of this statement to the ACS plan office and to Congressman Becerra's office. In the instance

the IRS decides to contest the loss deduction I have claimed, let this document serve as proof that I waive my rights to an appeal before the IRS and directly request a tax deficiency statement so I can file for a hearing before the U.S. Tax Court.  Please furnish appropriate citations of sections of the U.S. Tax Code which are used to justify denial [of] the deductions I have claimed.

On February 12, 1997, a Problem Resolution Specialist for the IRS sent to petitioner a letter containing the following paragraphs:

This is in response to your letter to me dated January 21, 1997, regarding your original inquiry on October 28, 1996.  You stated that you believe that the Internal Revenue Service can overturn the decisions made by the United States Tax Court on your 1990 and 1991 cases.  Unfortunately, that is not true.  A taxpayer's purpose in filing a petition with Tax Court is to appeal an Internal Revenue Service determination to a higher authority.  We must accept the decision of the Tax Court whether it is in our favor or in the taxpayer's favor.  The taxpayer, however, can appeal the decision to a higher court if he has not signed the Decision Document.  The Decision Document that you signed is legally binding, and it cannot be retracted.

Although we could not overturn the Tax Court decision, you have been allowed to take the $99,000 deduction from your 1995 taxes.  You claimed that deduction as a business loss on your 1995 tax return, and it was allowed without being audited.  The loss offset most of your earnings for that year and resulted in no tax being due.  The credit that was created by your withholding, $4,764, was applied to the balance on your 1991 and 1992 taxes, $2,082.53 for 1991 and $2,681.47 for 1992.  You are making monthly payments on the balance still owing for 1992, but I must inform you that interest will continue to accrue until the account is paid in full.

On June 9, 1997, the statutory notice for 1995 was sent to petitioners.  The $99,000 deduction was disallowed, and a small

adjustment was made to petitioners' itemized deductions.  The
petition was filed June 30, 1997, in which petitioners allege:

> (1) * * * IRS knowingly and intentionally accepted
> deductions claimed in 1995 which were incurred in 1990
> and 1991 (in violation of federal law).  (2) * * *
> Court is requested to reverse decisions on Dockets
> 9749-93 and 18569-93.  IRS consciously and
> intentionally violated the constitutional rights of the
> petitioners in securing these decisions.  (3) * * *
> Damages are claimed by the petitioners against the IRS
> * * * [named employees of the IRS] in the amount of
> $314173.00 for:  (a) violation of constitutional rights
> * * * (b) unlawful and abusive actions by the IRS
> resulting in extreme anxiety to the petitioners * * *
> (c) * * * imposing a lien on the petitioners causing
> extreme anxiety on the petitioners and dependent parent
> * * * who passed away of a stroke on January 9, 1997.

After the petition was filed, petitioners filed a Motion for
Leave to Amend Petition (to increase their claim to damages by
$1 million), which was denied; a Motion to Vacate Denial of
Motion to Amend Petition, which was denied; a Motion to Schedule
Trial Date, requesting an expedited hearing, which was granted; a
Motion for Ruling (on the "incompleteness" of the notice of
deficiency), which was denied; a Motion to Dismiss Respondent's
Claim (allegedly "forfeited" as a result of the February 12,
1997, letter), which was denied; and a Motion to Reverse
Decisions (in docket Nos. 9749-93 and 18569-93), which was
denied.  They also sent to the Court several other items of
correspondence concerning their claims.  During the pretrial
process, petitioners were warned by the Court concerning the
provisions of section 6673.

OPINION

In this case, it is apparent from the allegations of their petition and from their correspondence that petitioners knew they were not entitled to the deduction of $99,000 claimed on their 1995 return. As early as December 1991, petitioner had written a letter acknowledging that the disputed deductions, first taken on his return for 1990, were contrary to legal precedent. (From petitioner's correspondence and his statements at trial, it appears that the dispute involved whether certain payments must be capitalized rather than deducted in the years paid.) On the 1995 return, filed early in 1996, they claimed the erroneous deduction expressly for the purpose of securing a hearing before the Court, in which they would attack the settlements for 1990 and 1991 into which they had entered in 1994. They neither appealed nor directly attacked by motion the decisions in the earlier cases.

Approximately a year after the filing of petitioners' return for 1995, an IRS Problem Resolution Specialist sent to petitioners a letter dated February 12, 1997, ambiguously stating that the deduction claimed on petitioners' 1995 return was being allowed. Petitioners claim that the IRS thereby "forfeited" the right to disallow the deduction. Their position has no merit. See Dixon v. United States, 381 U.S. 68, 75 (1965); Automobile Club v. Commissioner, 353 U.S. 180, 183-184 (1957); Warner v.

<u>Commissioner</u>, 526 F.2d 1 (9th Cir. 1975), affg. T.C. Memo. 1974-243.

Petitioners also claim that they were damaged by employees of the IRS. We have refrained from quoting at length their reckless and inflammatory rhetoric, because to do so would be to exacerbate an unfortunate situation. The record does not substantiate petitioners' accusations of misconduct on the part of IRS employees.

The only bona fide issue in this case is applicability of the section 6662 penalty. Section 6662 provides in pertinent part as follows:

> SEC. 6662. IMPOSITION OF ACCURACY-RELATED PENALTY.
>
> (a) Imposition of Penalty.--If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.
>
> (b) Portion of Underpayment to Which Section Applies.--This section shall apply to the portion of any underpayment which is attributable to 1 or more of the following:
>
> > (1) Negligence or disregard of rules or regulations.
> >
> > (2) Any substantial understatement of income tax.
>
> \* \* \* \* \* \* \*
>
> (c) Negligence.--For purposes of this section, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of

this title, and the term "disregard" includes any careless, reckless, or intentional disregard.

To the extent that the penalty is attributable to a substantial understatement of income tax under section 6662(b)(2) or to a position contrary to rules or regulations under section 6662(b)(1), it may be reduced if relevant facts are adequately disclosed in a statement attached to the return. The provision for reduction, however, requires that the taxpayer's position have a reasonable basis. Sec. 6662(d)(2)(B)(ii)(II); sec. 1.6662-3(c), Income Tax Regs.

There is no indication that petitioners ever sought professional advice concerning their deductions or the procedural means for vacating decisions. They rejected the explanations of the IRS, and ultimately of the Court, out of hand. They did not have a reasonable basis for their position on their 1995 return. The underpayment of their taxes for 1995 is due to intentional disregard of applicable rules, and the section 6662(a) penalty is sustained in full.

Prior to and during the trial in this matter, petitioners acknowledged that the $99,000 deduction was improper and that the Court does not have jurisdiction to award the damages that they seek. They claim that they are merely bringing the issues before the Court to secure findings that would support their charges against the IRS. Although the Court warned petitioners of the applicability of section 6673 to frivolous or groundless claims,

respondent has not requested a penalty under that section, and we have decided not to impose one at this time on our own motion. Petitioners are again cautioned, however, that if they pursue further action in this Court based on the same groundless claims a penalty may well be imposed on them.

<u>Decision will be entered</u>

<u>for respondent</u>.