T.C. Memo. 2005-47

UNITED STATES TAX COURT

LEE F. MCCLUNE AND HARRIET R. MCCLUNE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6378-02.                    Filed March 14, 2005.

Lee F. McClune and Harriet R. McClune, pro sese.

<u>J. Anthony Hoefer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of
$10,605.50 in petitioners' Federal income tax for 1997.  The
issue for decision is the amount petitioners are entitled to
deduct as a casualty loss due to the destruction of a barn
located on property in which petitioner Lee F. McClune
(petitioner) held a remainder interest.  Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Petitioners are cash basis taxpayers who resided in Knoxville, Iowa, at the time that they filed their petition.

On April 10, 1978, petitioner purchased a remainder interest in 80 acres of land in Poweshiek County, Iowa, for $20,000.  At the time of purchase and at least through 1997, petitioner's sister held a life estate in the 80 acres.  Petitioner held the remainder interest with his three sons as tenants in common, each owning a one-fourth interest in the property with an adjusted basis of $5,000.  The transaction was entered into for profit.

The 80 acres involved was made up of two 40-acre tracts of land.  The two 40-acre tracts were approximately equal in value. Located on one of the 40-acre tracts was a well-preserved barn that was considered a showplace.  The value of the barn was approximately 54 percent of the total value of the 40-acre tract upon which it stood.  The barn was used for agricultural purposes, and the remainder of the land was used for pasture by a third party.

In 1997, a windstorm or tornado swept through the area where the property is located and destroyed the barn.  All that remained was approximately $2,000 worth of salvageable lumber.

Petitioners did not receive any compensation or insurance payments for the loss.

On their joint income tax return for 1997, petitioners claimed a $44,000 casualty loss due to the destruction of the barn. The $44,000 loss was computed on their Form 4684, Casualties and Thefts, by subtracting the estimated value of the lumber, $2,000, from the value of the barn before the casualty, which petitioner claimed to be $46,000.

In the notice of deficiency, the Internal Revenue Service (IRS) allowed petitioners a casualty loss of $500. At trial of this case, respondent conceded that petitioners should be allowed a deduction of $1,350 for the loss of the barn.

OPINION

The amount of a casualty loss deduction is generally computed as the excess of the fair market value of the property immediately before the casualty over the fair market value of the property immediately after the casualty, limited by the adjusted basis of the property. Helvering v. Owens, 305 U.S. 468 (1939); Millsap v. Commissioner, 46 T.C. 751 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1), Income Tax Regs. These respective values "shall generally be ascertained by competent appraisal." Sec. 1.165-7(a)(2)(i), Income Tax Regs.

The parties agree that petitioners sustained a casualty loss within the meaning of section 165(c)(2). That section states

that, in the case of an individual, the deduction under section 165(a) shall be limited to losses incurred in any transaction entered into for profit, though not connected with a trade or business. Sec. 165(c)(2). Petitioner entered into the transaction to purchase a remainder interest in the land, upon which the barn stood, for profit. Respondent, however, argues that petitioners may claim only a loss equal to petitioner's adjusted basis in the barn at the time of the casualty.

Petitioner took title to the remainder interest in the property with his three sons as tenants in common for a total of $20,000. Therefore, respondent argues that one-fourth of the purchase price is attributed to petitioner, making his adjusted basis in the 80 acres equal to $5,000. The adjusted basis in the 40-acre tract upon which the barn stood would be $2,500. Because 54 percent of the value of the 40-acre tract was allocable to the barn, respondent concludes that petitioner's adjusted basis in the barn would be no more than $1,350.

Petitioners, on the other hand, argue that, according to statements made by one of respondent's agents, the general rule under section 165 does not apply to remainder interests and, therefore, that they should be able to deduct at least petitioner's share of the fair market value of the barn immediately before the casualty less the salvageable amount of the remaining lumber, an amount equal to one-fourth of $44,000 or

$11,000. Petitioners claim that, at some point, a deduction of $11,000 was offered to petitioner to settle his claim. Petitioners agree that, if petitioner's adjusted basis in the barn is used to determine the amount deductible, $1,350 is accurate.

Petitioners presented only vague testimony regarding the alleged statements or offers made by IRS personnel. Petitioner did not present any evidence corroborating his testimony at trial as to the value of the barn immediately before the casualty.

Erroneous statements concerning the law, even if made by an IRS agent, would not bind respondent in his determination of allowable casualty loss deductions. See Auto. Club of Mich. v. Commissioner, 353 U.S. 180, 183-184 (1957); Bookwalter v. Mayer, 345 F.2d 476, 478 (8th Cir. 1965); Geaga v. Commissioner, T.C. Memo. 1998-234. Offers of settlement are not admissible to prove invalidity of a disputed claim or its amount, and evidence of conduct or statements made in compromise negotiations is likewise not admissible. Rule 408, Federal Rules of Evidence. Therefore, any statements or offers made to petitioner prior to trial are irrelevant.

We have found neither reason nor authority to negate the application of the general rule that the deductible loss is equal to the adjusted basis simply because a remainder interest is involved.

Petitioners deducted 100 percent of the alleged value of the barn less the amount attributable to the salvageable lumber. Under any theory, they are entitled to deduct only the value of petitioner's 25-percent interest in the barn. However, the value of petitioner's 25-percent interest would be deductible only if that value were less than the amount of his adjusted basis in the barn. Sec. 1.165-7(b)(1), Income Tax Regs. Because the adjusted basis is less than the value in this situation, petitioners are limited to deducting the adjusted basis as a casualty loss.

To reflect respondent's concession as to the casualty loss deduction,

<u>Decision will be entered</u>

<u>under Rule 155.</u>